MIDDLEBROOK BROS. V. B. L. ZAPP ET AL.

No. 2602.

**Marital Rights—Partnership.**—A married woman became by written agreement a partner in a mercantile firm, she contributing half the capital from her separate estate. For two years the business was conducted, the original stock of goods having been sold and the stock replenished from time to time through purchases made for cash and on time. Her husband acted as clerk and salesman and was not by contract interested in any other manner. In a suit by the wife, her husband joining *pro forma*, and her partners to recover damages for a wrongful seizure of the goods under execution against her husband, *held:*

1. That the goods were the property of those who entered into copartnership with the wife, and the community estate of the wife and husband.

2. The interest in the partnership held in the name of the wife, being community property, was liable for the husband's debts.

3. A cause of action existed on the part of the husband and other members of the partnership firm for seizure and sale a portion of the stock of goods, under execution against the husband alone, issued in a cause to which the other members of the firm were not parties.

4. But no recovery of damages can be had in such a suit against such judgment creditor or officer making the seizure and sale when brought in the name of the wife and her partners, the husband joining *pro forma*, and claiming only damages for an injury done her separate estate.

APPEAL from Fayette. Tried below before Hon. H. Teichmueller. The opinion states the case.

*Phelps & Lane,* for appellants.

*Scott & Levi* and *W. D. Ledbetter*, for appellees.—The court properly held in all the rulings here complained of that under the pleadings and the evidence, considered as a whole, defendants were entitled to judgment, and the other rulings in the case being upon minor points not affecting the general merits of the cause were wholly immaterial.

The suit was by the two Middlebrooks and Mrs. Julia Meyer as partners to recover damages for levy on partnership property. Mrs. Meyer was a married woman during the continuance of the alleged partnership, her husband being in actual possession and control of the partnership effects and affairs.

Whatever funds of Mrs. Meyer may have been invested in the business had lost their identity. C. W. Meyer was real partner in the firm of Middlebrook Bros. 65 Texas, 402; Ib., 425; Ib., 131; 66 Texas, 553.

His other partner could not recover damages for the levy except by pleading and proving a claim against him in respect of the partnership affairs. 66 Texas, 634; Ib., 547; Ib., 621; 57 Texas, 627; 24 Texas, 205; 28 Texas, 328; 42 Texas, 147; Longcope v. Bruce, 44 Texas, 434; Rogers v. Nichols, 20 Texas, 719.

HENRY, ASSOCIATE JUSTICE.—The record in this case discloses that in the year 1885 I. Middlebrook, R. O. Middlebrook, and Mrs. Julia Meyer, then and now the wife of C. W. Meyer, entered into a written agreement of partnership to buy and sell merchandise, in the town of Ellinger, in this State, under the firm name of Middlebrook Bros.

Mrs. Meyer contributed one-half of the capital originally invested by the firm and was to have one-half of the profits. The Middlebrooks were to have the other half. The business was conducted by C. W. Meyer, the husband of Julia Meyer, as an employed clerk or manager, at a monthly salary of $50, and, as retail mercantile establishments usually are, for something over two years, without profit. In the meantime the original stock had been sold and replenished from time to time, the purchases being made for cash and on time.

In August, 1887, Leon & H. Blum caused the sheriff of Fayette County to levy an execution in their favor and against C. W. Meyer on a portion of said stock of merchandise valued at about $1000. The sheriff took actual possession of the goods levied upon, sold them, and paid the proceeds to Leon & H. Blum.

This suit was brought by the two Middlebrooks and Mrs. Julia Meyer, joined by C. W. Meyer, the husband, as nominal plaintiff, for damages on account of said levy and sale.

After exceptions had been filed by defendants for misjoinder of parties plaintiffs amended, alleging that I. W. Middlebrook, R. O. Middlebrook, and Mrs. Julia Meyer were partners in business in the town of Ellinger, that C. W. Meyer was in charge of the business as clerk and agent of

plaintiffs, that he had no interest in the stock of merchandise, and that the money put into the enterprise by Mrs. Meyer was her separate property.

Under the authority of former decisions of this court it must be held that notwithstanding the fact that the capital paid into the firm by Mrs. Meyer was her separate property, the stock of goods at the time of the levy belonged to the Middlebrooks and the community estate of herself and husband.    Epperson v. Jones, 65 Texas, 425; Smith v. Bailey, 66 Texas, 553.

The interest in the partnership held in the name of Mrs. Meyer being community property was under the control of her husband and was subject to be seized and sold for his debts.

It does not follow, however, that any portion of the partnership effects were subject to seizure and sale as was done in this case.

Our statutes point out the mode of levying upon the interest of a partner for his individual debt.    That mode not having been pursued in this case, and an unwarranted trespass having been committed, the defendants in this suit made themselves liable to the owners of the goods for whatever damages they sustained by reason of the unlawful seizure.    Rev. Stats., art. 2295.

The Middlebrooks and C. W. Meyer (as the representative of the community estate of himself and wife) owning the goods, the cause of action was theirs.    Mrs. Meyer owning no separate estate in the goods seized had no cause of action for damage done her separate property.

If this suit had been to recover damages to the community property she would have been an unnecessary and improper party, and exceptions to the petition on that ground if made ought to have been sustained, when she could have been dismissed by amendment.

If not excepted to her misjoinder would not necessarily have been fatal to plaintiffs' suit if the cause of action declared upon had been alleged to belong to the community estate.    Edrington v. Newland, 57 Texas, 634.

It is an elementary rule of pleading that the *allegata* and *probata* must correspond, and that a recovery can not be had on a cause of action not alleged in the pleadings, however well it may be supported by proof. Longcope v. Bruce, 44 Texas, 436; Speake v. Prewitt, 6 Texas, 252; Stachely v. Peirce, 28 Texas, 335; Salinas v. Wright, 11 Texas, 577–8; Paul v. Perez, 7 Texas, 345; Walker v. Lewis, 49 Texas, 125.

In this case the wife having no cause of action joins as plaintiff in the suit.    The husband having one distinctly declines to join as a real party.

The proof clearly shows that the damages sued for belonged to the community estate and were not the separate property of the wife.    The petition charges that they are the separate property of the wife and negatives the idea of their belonging to the community.    The distinction between the two estates is substantial and important.    To permit plain-

tiffs to recover upon a petition so clearly charging as does the one in this case that the suit is by the wife for an injury done her separate estate, damages shown with equal clearness by the evidence to belong to the community would be a striking illustration of a judgment rendered upon the evidence, and not upon but rather against the pleadings.

The court below correctly charged the jury to find for defendants. As the judgment is rendered on questions not affecting the merits of the controversy it ought to be without prejudice, and we do not understand that it precludes a suit by the proper parties upon the same cause of action.

The judgment is affirmed.

*Affirmed.*

Delivered February 12, 1889.