## HOUSTON GAS & FUEL CO. v. SPRADLIN et al.

### No. 9762.

Court of Civil Appeals of Texas. Galveston.

Oct. 25, 1932.

Rehearing Denied Nov. 10, 1932.

Baker, Botts, Andrews & Wharton, F. G. Coates, S. H. German, and J. T. McCullough, all of Houston, for appellant.

Ansel M. Kahn, of Houston, for appellees.

GRAVES, J.

The appellee, Mrs. Spradlin, a married woman, merely joining her husband with her pro forma, without averment that he had abandoned her or for other reason had refused to become a real party to the action, sued to recover damages for personal injuries to herself from a natural gas explosion in her home, alleged to have proximately resulted from the negligence of the appellant; throughout the entire petition not only was it alleged that she alone as plaintiff sustained the liability and the damage, her husband not being again mentioned, but the prayer was that she as plaintiff recover damages in the sum named and for such other and further relief "to which she may show herself justly entitled." In other words, the pleading itself discloses that she is a wife, that her husband is not a party except purely as a matter of form with no excuse whatever appearing for his nonjoinder, and that the sole thing she seeks is damage resulting to herself from personal injuries.

The appellant filed no special exceptions nor plea in abatement objecting in that way to the failure of the husband to become a real party to the proceeding, but did in limine raise the matter as a structural defect by first filing a general demurrer to the peti-

tion, next asking by motion for an instructed verdict on that account, and finally demanding a new trial because of it.

In response to a verdict on special issues in her favor, the court originally gave Mrs. Spradlin alone a judgment for $15,500 and costs; subsequently, after the filing of appellant's amended motion for a new trial, at the instance of appellee's counsel, there was filed what is termed a reformed judgment, wherein it is decreed that both Mrs. Spradlin and her husband, Mr. Spradlin, recover the $15,500 and costs, the appellant excepting to this action also and being again overruled.

The appeal is from the amended or reformed judgment decreeing the recovery to both the husband and wife in the circumstances recited.

■ In this court appellant reiterates its contention below, that the petition failed to state a cause of action, and that fundamental error being apparent upon the face of the record, the trial court erred in overruling its general demurrer. This position is sustained. In Texas, by well-settled authority, not only do damages for personal injuries to a married woman constitute community property, but the husband alone may sue for its recovery as such. Ezell v. Dodson (1883) 60 Tex. 331; Texas C. Ry. Co. v. Burnett et ux. (1884) 61 Tex. 638; Arnold v. Leonard (1925) 114 Tex. 535, 273 S. W. 799; Teague v. Fairchild (Tex. Com. App. 1929) 15 S.W.(2d) 585; Galveston, H. & S. A. Ry. Co. v. Baumgarten et ux. (1903) 31 Tex. Civ. App. 253, 72 S. W. 78; Northern Texas Traction Co. v. Hill (El Paso Tex. Civ. App. 1927) 297 S. W. 778, error refused; Wartelsky et al. v. McGee et al. (1895) 10 Tex. Civ. App. 220, 30 S. W. 69; Barmore v. Darragh et al. (San Antonio Tex. Civ. App. 1921) 227 S. W. 522; Yellow Cab & Baggage Co. v. Smith et al. (Ft. Worth Tex. Civ. App. 1930) 30 S.W.(2d) 697, dismissed for want of jurisdiction; National Life & Accident Ins. Co. v. Casas et al. (El Paso Tex. Civ. App. 1931) 36 S.W.(2d) 323.

■ It is equally as well settled with us that a person merely joined pro forma is not a real party at interest in the litigation. Yellow Cab & Baggage Co. v. Smith, supra; National Life & Accident Ins. Co. v. Casas et al., supra.

■ A third and just as clearly determined dénouement in our jurisprudence is that, while the absence of the husband as a real party under such circumstances as here obtain might have been raised by plea in abatement or special exception, the appellant was not relegated to that method, but could reach it as well by general demurrer,

motion for new trial, suggestion of fundamental error on appeal, or otherwise; indeed, it became the duty of the court itself to refuse to proceed to judgment whenever the omission came to its knowledge. Speer's Law of Marital Rights in Texas (3d Ed. 1929) § 513; Adams v. Bankers' Life Co. (Tex. Com. App.) 36 S.W.(2d) 182; Peveler v. Peveler, 54 Tex. 53; Barmore v. Darragh, supra; Collins et al. v. Herd (Waco Tex. Civ. App. 1927) 295 S. W. 216; 3 Texas Jur., page 181, par. 120; Middlebrook Bros. v. Zapp, 73 Tex. 29, 10 S. W. 732; Milliken v. Smoot, 64 Tex. 171.

■ Neither, we think, did the belated effort to so amend or reform the judgment after the filing of the motion for a new trial as to permit the husband also to share in the recovery first allowed get anywhere; it was a nullity for the lack of necessary pleadings to support it. It is fundamental, as held in Middlebrook v. Zapp, supra, and authorities therein cited, that a judgment must conform to the pleadings.

■ Wherefore, the husband alone being the real party at interest, and he not having in any such capacity been brought in nor participated, and the wife not having had any authority to maintain the suit, it follows that the judgment cannot be permitted to stand; a reversal has accordingly been ordered, and the cause has been remanded.

Reversed and remanded.