## HILL v. KELSEY et al.
### No. 11851. ·

Court of Civil Appeals of Texas. Dallas.
Dec. 7, 1935.

Rehearing Denied Jan. 18, 1936.

Leffingwell & Dixon and Sarah Daniels, all of Dallas, for plaintiff in error. ·

John W. Pope, Sr., of Dallas, for defendants in error.

BOND, Justice.

The appellee Mrs. E. G. Kelsey, a married woman, instituted this suit against the Jefferson University, a corporation, Nick Dobbs, Andrew J. Priest, and J. H. Hill, to recover an indebtedness which she claims to be due her for furnishing meals and sleeping quarters for a squad of football players. Throughout the petition, it is alleged that she alone, as plaintiff, sustained the liability and damage, and that her husband was merely joined in the suit with her pro forma, without averring that he had abandoned her, or for any reason had refused to become a real party to the action.

The defendant Hill filed no special exception nor plea in abatement such as to challenge the sufficiency of the petition for the failure of the husband to be made a real party to the cause, relying on a general demurrer to raise the structural defects in the petition. The record does not reveal answers, if any, of the other defendants.

The court, in limine, overruled the defendant Hill's general demurrer, dismissed the defendant Dobbs from the suit, and, on trial, entered judgment in favor of the plaintiff Mrs. E. G. Kelsey, the defendants Jefferson University and Andrew J. Priest, and against the defendant Hill. Hill alone appeals.

On this appeal, for the first time, the appellant, in nomine, raises the question of the plaintiff, a married woman, to maintain the suit, admittedly to recover community property without the joinder of her husband as a real party at interest, and, too, without showing some ground which would authorize her to maintain the suit.

It seems to be the well-settled law in this state that a married woman cannot maintain a cause of action involving community property, without alleging some emancipation from her husband or without the husband joining with her as a real party. The husband alone can recover community liability and damage; thus the failure of the plaintiff to make him a party, or account for his absence, is fatal to her suit. And just as clearly is the denouement that, while the absence of the husband as a real party might have been raised by plea in abatement or special exception, the defendant is not relegated to that method of raising the issue, but could reach it just as effectively by general demurrer, suggestion of fundamental error on appeal, or otherwise; indeed it became the duty of the trial court itself to refuse to proceed to judgment whenever the omission came to its knowledge. Yellow Cab & Baggage Co. v. Smith et al. (Tex.Civ.App.) 30 S.W.(2d) 697; National Life & Accident Insurance Co. v. Casas et al. (Tex.Civ.App.) 36 S.W.(2d) 323; Houston Gas & Fuel Co. v. Spradlin (Tex.Civ.App.) 55 S.W. (2d) 1086. Wherefore, the husband of Mrs. Kelsey not having been brought in-

to the litigation in a manner required by law, his rights in the subject-matter of the suit have not been litigated by the joinder of himself pro forma; it follows, therefore, that the judgment must be reversed and the cause remanded to the lower court for another trial.

In view of another trial, we deem it advisable to heed another contention made by the appellant.

■ The suit, as disclosed in pleadings and proof, is based on an oral agreement made, on October 3, 1932, by one Nick Dobbs, for the plaintiff to furnish meals and sleeping quarters for 27 young men, members of a football team, at the rate of $1 per·day each. The duration of the contract is not stated, therefore terminable at will by either of the contracting parties. The boys stayed at the plaintiff's home for about three or four weeks; and, during that time, room and board had accumulated to the amount of $524. The plaintiff then, as she had a right to do, terminated Dobbs' agreement and threatened to discontinue service and put the boys out of her house, if the amount then due was not paid to her. This information was furnished to Mr. Priest, and he, in turn, revealed it to Mr. Hill. Mr. Hill was interested in the welfare of the football team, being a director of the Jefferson University, under whose name the boys were playing. Whereupon, on November 3, 1932, Hill assured Mrs. Kelsey that the amount then due her for the meals and rooms for the boys would be paid;· said, quoting from the testimony of Mrs. Kelsey, that "he would see that I got my money," and, on this assurance, the plaintiff con· tinued the agreement to furnish meals and rooms, to the end of the football season. The evidence is undisputed that, during the latter agreement with Mr. Hill, Mrs. Kelsey was paid the sum of $300.

It is evident, we think, the judgment of the lower court against Hill was necessarily based upon the promise made by him to the plaintiff, as there is no evidence that Mr. Hill, prior to that time, had any other conversation whatsoever with the plaintiff. The only conversation Mrs. Kelsey claims to have had with Hill was after the boys had been with her more than three weeks in which she testified that Mr. Hill said "he would see that she got her money." This being true, if unsupported by any other consideration, the promise of Hill that "he would see that she got her money," due by Dobbs, would be secondary and collateral to the original liability of Dobbs, and would come clearly under the condemnation of the second subdivision of our statutes of fraud, as the agreement was not in writing. Article 3995, subd. 2, R. S. 1925. If, however, the defendant Hill absolutely and unconditionally promised plaintiff to pay for the meals and board then due by Dobbs in the event Mrs. Kelsey would continue the service to the boys, and not put them out of her house, to the end of the season, and the plaintiff, in sole reliance upon such promise, continued to furnish the service in accordance with her agreement, such promise would not come within the statute of frauds. The promise of Hill in the circumstances would be as creating an obligation on his part, independent of the obligation of Dobbs; therefore, an original and not a collateral undertaking and not within the purview of the statute.

So, on another trial, if the obligation of Hill to see that the plaintiff got her money due by Dobbs is based on some benefit then or thereafter inuring to Hill, and, in consideration of the promise, Mrs. Kelsey agreed to continue the service of furnishing meals and rooms for the boys to the end of the season, then, certainly, the acceptance, in light of the consideration, must be regarded as an original; and Hill's promise, though by parol, must be held as binding.

The judgment of the lower court is reversed and the cause remanded.

LOONEY, Justice (dissenting on rehearing).

For reasons hereinafter stated, I think defendants in error's motion for rehearing should have been sustained, and the judgment below reformed and affirmed. My dissent is alone with reference to the disposition of the case. Plaintiff in error's liability and the matter to be decreed being certain, instead of remanding the cause, I think the judgment below should have been reformed and affirmed in accordance with the undisputed facts; that is, in favor of C. A. Kelsey, the husband, against plaintiff in error, for the amount ascertained to be due on the cause of action asserted.

The petition reveals that Mrs. E. G. Kelsey and C. A. Kelsey are married, and that the debt sought to be recovered belongs to their community estate. The case is not to be assimilated to one where the wife sues without alleging grounds entitling her to prosecute the suit alone; for in such a

case, the husband being a necessary party, the failure to bring him in would present fundamental error, as held in Western Union Tel. Co. v. Owings (Tex.Civ.App.) 38 S.W.(2d) 831, and in Barmore v. Darragh (Tex.Civ.App.) 227 S.W. 522. But where the husband and wife are named in the petition as plaintiffs, although the husband is described as a party "pro forma," unless his appearance in that capacity is in some form challenged at the trial, it is considered neither harmful nor reversible error. In the following cases, the question of misjoinder, in some form, was presented at the trial, was overruled by the trial court, and on appeal was held reversible error: See Texas C. Ry. Co. v. Burnett, 61 Tex. 638; Wartelsky v. McGee, 10 Tex.Civ.App. 220, 30 S.W. 69; Ezell v. Dodson, 60 Tex. 331; Yellow Cab, etc., Co. v. Smith (Tex. Civ.App.) 30 S.W.(2d) 697; Texas & P. Ry. Co. v. Bailey, 83 Tex. 19, 18 S.W. 481; National Life, etc., Co. v. Casas (Tex. Civ.App.) 36 S.W.(2d) 323.

In the instant case, as reflected by the petition, Mr. and Mrs. Kelsey sued to recover a community debt; the husband being as plaintiff "pro forma." With these matters apparent of record, plaintiff in error at the trial failed by any appropriated plea or proceedings to challenge either the capacity of Mrs. Kelsey to sue or the pro forma capacity of Mr. Kelsey, raising the question for the first time by an assignment of error.

While it is true the matter complained of presents error, yet I think the question should have been raised at the trial, and, failing in this, on the contrary pursuing a lying-in-wait policy, plaintiff in error is in no position to ask that the case be remanded simply to make plain the capacity in which Mr. Kelsey joined in the suit. I am not without authority for this position. 23 Tex. Jur. p. 330, § 286, announces the following doctrine: "* * * While the husband's power to bring suit for the recovery of community property is ordinarily exclusive, and the wife's right to bring such suit is exceptional and is permitted only where there is great necessity for it—as abandonment, adversity of interests and the like— still her improper joinder with the husband is usually harmless and can be reached only by a timely plea. The mere failure or refusal of the husband to sue will not authorize the wife to sue, unless it be an exceptional case, as abandonment, conflict of interest, bad faith and the like * * *."

The improper joinder of the wife with the "pro forma" joinder of the husband is usually considered harmless and can be reached only by a timely plea or proceeding at the trial. Dealing with a similar situation presented in Galveston, etc., Co. v. Baumgarten, 31 Tex.Civ.App. 253, 72 S.W. 78, 80, 81, the court said: "This is not a suit brought by the wife, in which the husband is joined pro forma, but it is a suit prosecuted jointly by husband and wife, and, had exceptions been presented in the trial court to the wife being joined in the suit, the exceptions should, and doubtless would, have been sustained by the trial judge. But no such exceptions were presented, and the question is raised for the first time in the appellate court. In a similar case to this, where the husband and wife had joined to recover damages sustained by the wife, it was said by the supreme court: 'In actions to recover money which will be community property when realized, the wife is not ordinarily a necessary or proper party; but in this case no objection was taken to her joinder with her husband as a plaintiff, and it cannot be raised here for the first time. No injury results to the appellant from the rendition of a judgment in favor of the husband and wife.' San Antonio Street Railway Co. v. Helm, 64 Tex. 147. It was further held in that case that, if no injury is shown to have resulted, a judgment will not be reversed even where an exception to the joinder of the wife with the husband has been overruled. See, also, Lee v. Turner, 71 Tex. [264] 265, 9 S.W. 149, Middlebrook Bros. v. Zapp, 73 Tex. 29, 10 S.W. 732, and Johnson v. Erado (Tex.Civ.App.) 50 S.W. 139." In Breckenridge, etc., Co. v. Hutchens (Tex.Civ.App.) 260 S.W. 684, the court held that, while a married woman was without capacity to sue as next friend for her son, the question as to her want of capacity could only be raised in the trial court by a proper plea, and answering the merits without having filed such plea constituted a waiver. A case by the Supreme Court very much in point is Edrington v. Newland, 57 Tex. 627, 634. The husband and wife jointly sued and recovered damages on a cause of action belonging to the community. The Supreme Court, in an opinion by Judge Walker, said: "The judgment ought to have been rendered solely for the defendant H. S. Newland, and not jointly for him and his wife, notwithstanding she joined in the suit claiming damages in the sup-

plemental petition in which she and her husband reconvened. The joinder of Mrs. Newland in the special answer above indicated in no wise adds to the legal right of her husband to recover in respect to the facts and matters therein alleged, and that answer does not set forth any special ground of action in behalf of her separate property or personal rights which would render it essential or proper that she should become a party defendant in this action. The damages claimed in the answer of Mrs. Newland and her husband are alleged to be such as were the consequence of the plaintiff's illegal dispossession by sequestration in this suit of the defendant H. S. Newland and his family. He, then, as the marital head of the community, was plainly the only necessary or proper party to sue for and recover damages for such injuries. See Cannon v. Hemphill, 7 Tex. 184." Accordingly, the judgment appealed from was by the court reformed and affirmed. A later case, that of Middlebrook Bros. v. Zapp, 73 Tex. 29, 31, 10 S.W. 732, 733, was where the husband and wife jointly sued to recover on a cause of action, which, as revealed by the facts, belonged to the community but alleged to be the separate property of the wife. Citing with approval Edrington v. Newland, supra, the Supreme Court used language in point, as follows: "The Middlebrooks and C. W. Meyer, as the representative of the community estate of himself and wife, owning the goods, the cause of action was theirs. Mrs. Meyer, owning no separate estate in the goods seized, had no cause of action for damages done her separate property. If this suit had been to recover damages to the community property, she would have been an unnecessary and improper party; and exceptions to the petition on that ground, if made, ought to have been sustained, when she could have been dismissed by amendment. If not excepted to, her misjoinder would not necessarily have been fatal to plaintiffs' suit, if the cause of action declared upon had been alleged to belong to the community estate. Edrington v. Newland, 57 Tex. [627] 634." And in the recent case of Houston Electric Co. v.

Potter, 51 S.W.(2d) 754, 759 (application dismissed), the Galveston Court of Civil Appeals, considering a similar question, said: "The facts were fully pleaded, the husband was a party plaintiff, and actively participated in prosecuting the suit to judgment. The recovery by husband and wife was for, and bound, the community. The words 'pro forma' as used in the petition, and an apparent allegation of a right of a recovery by the wife, in absence of exceptions and after verdict and judgment, are mere surplusage. Since W. D. Potter, the husband, joined his wife in filing the suit for damages for personal injuries to the wife, and obtained from the court a judgment in favor of the husband and wife, a sum of money for such injuries, the husband is estopped by such judgment from maintaining another suit on such cause of action."

So, as held in the case just cited, I am of opinion that the designation of C. A. Kelsey as plaintiff "pro forma" should be held mere "surplusage," as the undisputed facts show that he was not a mere "pro forma" party, but a real necessary party, and that his designated capacity as "pro forma" should be ignored as the erroneous conclusion of the pleader. The debt sued for in the instant case belongs to the community of Mr. and Mrs. Kelsey, for the recovery of which the husband and not the wife should have obtained judgment. But I do not think anything worthwhile would be accomplished by a remand of the case; on the contrary, such disposition of the case will delay the finale and result in the creation of additional costs. Therefore, in line with the holding of the Supreme Court in Edrington v. Newland, supra, I believe the judgment below should have been reformed and affirmed by rendering judgment in favor of C. A. Kelsey against plaintiff in error for the amount of the indebtedness ascertained to be due the community. Such a disposition, in my judgment, would be in accord with the authorities, afford protection to plaintiff in error against double recovery, and fully meet the ends of justice.