## NEWELL et al. v. STATE.

No. 13524.

Court of Civil Appeals of Texas. Fort Worth.

March 5, 1937.

Rehearing Denied April 2, 1937.

L. V. Abernathy and Sam B. Spence, both of Wichita Falls, for appellants.

Ned McDaniel, County Attorney, of Wichita Falls, for appellee.

SPEER, Justice.

This suit grows out of an order by the county court of Wichita county, Tex., on March 25, 1936, under article 666—44 of the Vernon's Ann. Penal Code, to sell a certain automobile shown to have been seized by the liquor control board along with liquor in the possession of the person from whom the automobile was taken. The order provides for the sale of the car in the manner prescribed in said article of the statute.

On April 9, 1936, Eva Newell, joined pro forma by her husband, Frank Newell, having procured leave of court to intervene, filed her motion to set aside the order

of court entered on March 5, 1936, for grounds set out therein.

By her plea in intervention, plaintiff Eva Newell alleged the automobile so seized by the officers was her separate property prior to the date of its seizure, .and that she loaned it to one O'Donnelly for a lawful purpose, and that if said automobile had intoxicating liquors therein when seized she knew nothing about it and had no interest therein; that she had no knowledge when she loaned the car to O'Donnelly that he would engage in any illicit transportation of liquors. She specially pleaded that the law under which the court had ordered the car sold was illegal and void and in violation of both the Federal and State Constitutions.

The State of Texas answered the plea in intervention with a general demurrer to its sufficiency, a general denial, and a special plea that intervener knew or by the exercise of ordinary diligence could have known that the car claimed by her would be used for the illegal transportation of illicit liquors.

A trial was had to a jury and upon completion of the testimony the court instructed the jury to return a verdict for the State since the intervener had failed to discharge the burden of proof required of her to show good cause why the automobile should not be forfeited under the terms of the law. The jury returned the verdict required by the court. On April 9, 1936, judgment was entered reciting that on that date "came on to be heard the intervention of Eva Newell and her husband Frank Newell," further reciting that all parties announced ready for trial, with the usual recitations of the peremptory instruction and the verdict of the jury in response thereto and concluded as follows:

"It is therefore ordered, adjudged and decreed by the court that Eva Newell and Frank Newell take nothing by their suit and that costs be taxed against the said Eva Newell."

Eva Newell, joined pro forma by her husband, Frank Newell, excepted to the judgment of the court and gave notice of appeal and Eva Newell has perfected an appeal to this court.

■ There are no briefs on file by either party and for this reason we are confined to a consideration of fundamental errors, if any are to be found in the record. 3 Tex.Jur. p. 906, § 628.

■ Revised Civil Statutes, art. 1983, provides:

"The husband may sue either alone or jointly with his wife for the recovery of the separate property of the wife; and, in case he fails or neglects so to do, she may sue alone by authority of the court."

In construing the above article, it has many times been held that no such action can be maintained by the wife unless she shall allege that her husband has failed and neglected to either prosecute such suit or refuses to join her in the action; and, further, she must specifically allege facts which show the property sought to be recovered belongs to her. Schwulst v. Neely (Tex.Civ.App.) 50 S.W. 608; Barmore v. Darragh (Tex.Civ.App.) 227 S.W. 522; Hill v. Kelsey (Tex.Civ.App.) 89 S.W.(2d) 1017; Kreis v. Kreis (Tex.Civ.App.) 57 S.W.(2d) 1107; Elder v. Reclamation District (Tex.Civ.App.) 64 S.W.(2d) 981.

The petition in intervention of appellant in this case did not meet the requirements of the article of the statutes referred to and was subject to the demurrer presented by the state. The court should have sustained the general demurrer presented by the state to this petition in intervention and not have proceeded further with the trial. Houston Gas & Fuel Co. v. Spradlin (Tex.Civ.App.) 55 S.W.(2d) 1086.

It will also be observed in the statement we have made of the case that an attempt was made in the entry of the judgment to make Frank Newell a party plaintiff and judgment was rendered against him, when as a matter of fact as well as of law he was not a party to the suit.

Under authority of Houston Gas & Fuel Co. v. Spradlin, supra, the defect in the pleading of appellant was not cured by this recitation in the judgment; and it was further held that there was no pleading to support the judgment in favor of the husband who was not a party to the suit.

In such action as the one before us, in the absence of the husband being a party plaintiff, it was essential that Eva Newell's petition in intervention show that her husband had failed and refused to join her in the action or that he had refused or neglected to prosecute the suit in his own name. There was a lack of necessary parties to this suit.

It was said by the court in the case of Barmore v. Darragh (Tex.Civ.App.) 227 .S.W. 522, 523:

"And no court should render a judgment or decree when it is apparent that all parties are not before it. Under such circumstances the court will itself raise the objection and refuse to proceed to judgment. Buffalo Bayou Ship Channel Co. v. Bruly, 45 Tex. 6; East Line & R. R. Railway v. Culberson, 68 Tex. 664, 5 S.W. 820; Ebell v. Bursinger, 70 Tex. 120, 8 S.W. 77."

We consider that the defects in intervener's petition and the absence of a necessary party plaintiff, and the nature of the judgment rendered, present fundamental error apparent of record which require the reversal of the judgment rendered.

The judgment of the trial court is reversed and the cause remanded with instructions that judgment be entered sustaining the general demurrer to intervener's petition and for such futher proceedings as may be had after the entry by the court of such judgment.

Reversed and remanded with instructions.