## RHODES v. TALIAFERRO et al.

### No. 13781.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 9, 1938.

Rogers & Spurlock, of Fort Worth, for appellant.

George P. Gleeson and Obel L. Mc-Alister, both of Fort Worth, for appellees.

SPEER, Justice.

This is an appeal from the County Court at Law No. One of Tarrant County. As we view the record, the issues to be determined by us are found mainly in the pleadings of the parties. The admissibility of certain testimony will also be discussed, but this is only incidental to what we shall say in regard to the pleadings.

Plaintiffs, Mrs. Sadie Taliaferro, joined pro forma by her husband, V. D. Taliaferro, and General Exchange Insurance Corporation, sued Thomas C. Rhodes for damages, in the sum of $426.38, the amount to be apportioned, $195 to Mrs. Taliaferro, and $231.38 to General Exchange Insurance Corporation, hereinafter called Corporation.

The petition bases plaintiffs' right of recovery upon allegations that Mrs. Taliaferro, on the occasion, parked her automobile on the parking lot of the defendant, for a valuable consideration paid by her, while she attended a moving picture show; alleging an implied promise on the part of defendant to preserve and keep her car during said period of time and to return it upon her demand. That defendant, acting through his agents, placed the automobile immediately adjacent to a public street, leaving the ignition key in the car and that while thus parked it was stolen; that the several acts of defendant constituted negligence and were the proximate causes of the theft being committed. Further allegations were made that plaintiff corporation had previously issued to Mrs. Taliaferro a policy of insurance against theft of her car; that while the car was in the hands of the thief it was wrecked and badly damaged. After recovery of the automobile, the Corporation had it repaired to the satisfaction of Mrs. Taliaferro, at an expense of $231.38, and returned it to her, and took from her a written assignment of an interest in her claim against the defendant, to the extent of the value of repairs so made. There are allegations that Mrs. Taliaferro sustained an additional loss for the use of the automobile during the time it was detained from her, in the sum of $195. These plaintiffs instituted the suit for the recovery of the two items as damages, to be awarded to them in the respective amounts.

Defendant filed a general demurrer and general denial, and later filed a general demurrer and many special exceptions, the latter going to designated paragraphs of plaintiffs' petition; in the view we take of this appeal, we think it unnecessary to take notice here of the special exceptions, but will later mention some of them to aid in a subsequent trial. Several special defenses were plead, which likewise become unimportant on this appeal.

All demurrers and special exceptions were overruled by the court, and the case was tried to a jury on special issues. The verdict was favorable to the plaintiffs, and judgment was rendered in favor of Mrs. Taliaferro for $75, and in favor of the Corporation for $231.38. Motion for new trial being overruled, appeal was perfected by the defendant to this court.

Assignments of error are presented, challenging the action of the trial court in overruling, (1) defendant's plea in abatement; (2) his general demurrer; and (3) to the introduction in evidence of certain statements made by an attendant on the parking lot of defendant. Several assignments of error are presented, but

because we must sustain the one complaining of the overruling of the general demurrer, others become unimportant.

What the defendant (appellant here) terms a plea in abatement was filed a month and two days after he had answered to the merits of the case, without having withdrawn by permission of the court, his original answer, and was not in due order of pleading. However, we attach no material significance to this, for the reason the plea was no more than a special exception going to the sufficiency of the petition, because it did not allege any facts showing Mrs. Sadie Taliaferro, a married woman, was entitled to institute and prosecute the suit in her own name.

█ The petition upon which both plaintiffs relied disclosed that Mrs. Taliaferro was a married woman. Her husband was joined "pro forma"; this means that he was named simply as a matter of form, and did not thus become a party to the suit. Houston Gas & Fuel Co. v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086; Hill v Kelsey, Tex.Civ.App., 89 S.W.2d 1017, writ dismissed; Yellow Cab & Baggage Co. v. Smith, Tex.Civ.App., 30 S.W.2d 697, writ dismissed.

There were no allegations in the petition that the automobile was the separate property of Mrs. Taliaferro, nor did it appear the husband had refused or neglected to institute and prosecute the suit, nor that he had refused to join her in the action; nothing appears in the petition which would authorize her to maintain such a suit. Taking the petition on its face, it would appear that plaintiffs ignored the husband's possible community interest in the cause of action. No doubt allegations could have been made, which, if proven, would have entitled Mrs. Taliaferro to recover the damages sought in her own name, but this was not done. Moreover, to concede that the automobile was Mrs. Taliaferro's separate property, and that damages arising under the facts plead were hers, yet, absent allegations of derelictions on the part of the husband, she could not maintain a suit for their recovery.

Rev.Civ.St. Art. 1983, provides: "The husband may sue either alone or jointly with his wife for the recovery of the separate property of the wife; and, in case he fails or neglects so to do, she may sue alone by authority of the court."

█ It is a well settled rule of law in this state that a married woman may not sue to recover even her separate property or damages thereto, unless she alleges that her husband has failed and neglected to do so; if she seeks a recovery of the property in her own right, she must allege facts, which, if proven, would fix the title in her. Newell v. State, Tex. Civ.App., 103 S.W.2d 194; Schwulst v. Neely, Tex.Civ.App., 50 S.W. 608; Barmore v. Darragh, Tex.Civ.App., 227 S. W. 522; Hill v. Kelsey, Tex.Civ.App., 89 S. W.2d 1017, writ dismissed; Kreis v. Kreis, Tex.Civ.App., 57 S.W.2d 1107, writ dismissed; Elder v. Reclamation Dist., Tex. Civ.App., 64 S.W.2d 981, writ refused.

In the case of Hill v. Kelsey, supra, it was said: "The husband alone can recover community liability and damage; thus the failure of the plaintiff to make him a party, or account for his absence, is fatal to her suit. And just as clearly is the denouement that, while the absence of the husband as a real party might have been raised by plea in abatement or special exception, the defendant is not relegated to that method of raising the issue, but could reach it just as effectively by general demurrer, suggestion of fundamental error on appeal, or otherwise; indeed it became the duty of the trial court itself to refuse to proceed to judgment whenever the omission came to its knowledge." Many cases are cited by the court from which the last quotation is taken, to which we also refer.

█ From the foregoing authorities, which we believe announce a correct rule of law in this state, we must sustain the assignment which complains of the failure of the trial court to sustain the general demurrer to plaintiffs' petition.

█ It is insisted by counsel for plaintiffs (appellees here) that even if a demurrer should have been sustained to the petition, insofar as Mrs. Taliaferro was involved, this should not affect the rights of the plaintiff General Exchange Insurance Corporation. We cannot agree with this contention; these parties were joint plaintiffs, alleging a joint cause of action against the defendant; the Corporation was as much responsible for the nature in which the suit was instituted as was its co-plaintiff, Mrs. Taliaferro; by their joint petition they sought re-

covery against defendant upon a petition which, upon its face, showed the husband of Mrs. Taliaferro, was not before the court, and no allegations were made showing why it was unnecessary to make him a party. Both plaintiffs were represented by the same counsel. It would be manifestly unfair as between the plaintiffs to hold Mrs. Taliaferro responsible for the defects in the petition and not likewise fix that responsibility upon her co-plaintiff.

It is also insisted by appellees that since the testimony adduced upon the trial showed Mrs. Taliaferro's husband had abandoned her and refused to support her, the earnings of the wife became her separate property, under the rule of law that the husband presumably made a gift to her of his community interest therein. In the first place, there were no pleadings in the case which would support the introduction of such testimony. In the second place, the demurrer should have been sustained at the time it was presented, and this, of course, was before the court had heard any evidence. In view of another trial, we shall refrain from commenting upon the sufficiency of the testimony to establish the rule just mentioned, as contended for by appellee, but about as much as could be said on that point is that Mrs. Taliaferro testified that she was married, that she was not living with her husband at that time; that she did not have a divorce but was self-supporting. We feel that upon another trial the pleadings may be amended in a way that proper proof can be had to enable the person or persons who show themselves entitled to recover, may do so.

Complaint is made in one assignment of error of the action of the court in permitting Mrs. Taliaferro to testify as to what the "attendant" on the parking lot told her with reference to the theft of her car, and in regard to a new employee having placed the automobile too close to the street. We think under the facts disclosed the testimony was admissible. It was shown that when Mrs. Taliaferro left the car for storage, this attendant received it near the office and not at the point from which it was stolen; when she returned for her car, the same man who had received it for storage made the statements to her about which she testified. The parking of the car, its preservation and return to the owner, were clearly within the scope of his duties as such attendant and agent. The transaction was continuing and incomplete until the car was either delivered to Mrs. Taliaferro, upon her demand, or at least until the contract was breached by a failure to restore it upon such demand. Statements made by the agent during pendency of the transaction, within the scope of his authority, become res gestae and are admissible in evidence against the principal. 2 Tex.Jur. p. 530, sect. 130; Southern Surety Co. v. Nalle & Co., Tex.Com.App., 242 S.W. 197; Oliver v. Scott, Tex.Civ.App., 255 S.W. 503, writ dismissed.

We think there is no merit in the contention of appellant that the trial court should have sustained a special exception to that part of the petition in which it was claimed the plaintiff Corporation claimed the right to recover based upon a written assignment of an interest in Mrs. Taliaferro's cause of action against the defendant, when the assignment was not executed by the husband. In such cases, this is not such a matter as can be reached by exception, but becomes of defense, and subject to proof. The contract of a married woman is not for that reason void, it is only voidable, and she may at her election repudiate it or elect to stand by it. 5 Tex.Jur. p. 53, sect. 41; Reynolds v. Gregg, Tex.Civ.App., 258 S.W. 1088.

Because the trial court erred in not sustaining appellant's general demurrer to plaintiffs' petition and in rendering judgment in the cause when it was apparent from the pleadings of plaintiffs that all necessary parties were not before the court, the judgment is reversed and the cause remanded for another trial.