**CRUSE v. ARCHER.**

No. 2358.

Court of Civil Appeals of Texas. Waco.
July 24, 1941.

Treadwell & Roe, of Corsicana, for appellant.

Davis, Jester & Tyson, of Corsicana, for appellee.

HALE, Justice.

Appellee, Mrs. Roxana Jane Archer, a married woman, joined pro forma by her husband, P. H. Archer, instituted this suit against appellant Cruse, seeking to recover the principal, interest and attorney's fees alleged to be due her on certain notes constituting her separate property. The case was tried by the court without a jury, resulted in judgment for appellee, and is now before us on the transcript and briefs for appellant, no statement of facts or brief for appellee appearing in the record. Appellant assigns error on the action of the trial court (1) in overruling his general demurrer to appellee's petition and (2) in allowing a recovery to appellee for interest on a note constituting her separate property, when her husband merely joined her pro forma in the suit.

The caption to the original petition upon which the case was tried recites that Mrs. Archer, "joined herein pro forma by her husband, P. H. Archer", complains of the defendant Cruse "and for cause of action plaintiff, Mrs. Roxana Jane Archer, would show" etc. Throughout the body of the petition Mrs. Archer alone is referred to as the plaintiff. She alleged therein that on January 1, 1936, appellant executed his two promissory notes in the sums of $1,800 and $4,000, respectively, each being due and

payable to her order on January 1, 1937, each providing for interest from date until paid at the rate of 10% and for 8% attorney's fees; that the payment of said notes was secured by a valid vendor's lien on 147½ acres of land in Navarro County; that said notes and lien were her separate property; that she had made demand for the payment of said notes and had contracted to pay her attorneys for prosecuting this suit. She prayed that she be given judgment for the principal, interest and attorney's fees due her on her notes, for foreclosure of her vendor's lien and for her costs. There is no allegation in said petition to the effect that appellee's husband had abandoned her, or had refused to prosecute the suit for her, or had refused to join her as a party plaintiff in the prosecution of the same.

The judgment appealed from recites that appellant's general demurrer, which the transcript shows was filed in the due order of pleading, is overruled; that the $1,800 note sued upon is tainted with usury and is not subject to enforcement; that the amount of principal, interest and attorney's fees due on the $4,000 note at the time of the trial on May 28, 1940, is the sum of $6,286.24; that said note is not secured by a vendor's lien or otherwise; that P. H. Archer has no interest in this suit but is only a formal party plaintiff. The judgment decrees that P. H. Archer recover nothing and that Mrs. Archer recover $6,286.24, with interest thereon from the date of the judgment until paid at the rate of ten per cent per annum as stipulated in the $4,000 note.

■ Article 1983 of Vernon's Ann.Tex. Civ.St. provides: "The husband may sue either alone or jointly with his wife for the recovery of the separate property of the wife; and, in case he fails or neglects so to do, she may sue alone by authority of the court." In construing this article of the statutes, it has been uniformly held that the wife alone may not maintain an action for the recovery of her separate property unless she alleges that her husband has failed or neglected to prosecute such suit, or has refused to join her in the action. Newell v. State, Tex.Civ.App., 103 S.W.2d 194; Schwulst v. Neely, Tex.Civ.App., 50 S.W. 608; Barmore v. Darragh, Tex.Civ.App., 227 S.W. 522; Kreis v. Kreis, Tex.Civ. App., 57 S.W.2d 1107; Hill v. Kelsey, Tex. Civ.App., 89 S.W.2d 1017.

■ Furthermore, where the husband is merely joined pro forma with the wife, and is named in the wife's petition simply as a matter of form, the husband does not thereby become a party to the suit within the meaning of the statute. Yellow Cab & Baggage Co. v. Smith, Tex.Civ.App., 30 S.W.2d 697, writ dismissed; Houston Gas & Fuel Co. v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086; Rhodes v. Taliaferro, Tex.Civ.App., 119 S.W.2d 703.

■ Since it affirmatively appeared from the petition of appellee that she was a married woman and that her husband was only joined in the suit as a formal party, and since there was no excuse alleged for the failure of the husband to prosecute the suit or to join the appellee as an actual party plaintiff in the prosecution of the same, we are forced to the conclusion, under the above cited authorities, that the trial court committed fundamental and reversible error in overruling and not sustaining appellant's general demurrer.

■ The petition does not disclose the date when appellee became the wife of P. H. Archer, but it is alleged therein that the notes sued upon were payable to the order of Mrs. R. J. Archer and we think the inference necessarily arises therefrom that she had been his wife at all times after the execution of said notes on January 1, 1936. If so, then the interest which accrued on the notes during coverture did not become the separate property of appellee, but was the community property of herself and her husband. Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799; Frame v. Frame, 120 Tex. 61, 36 S.W.2d 152, 73 A.L.R. 1512. Therefore, in order to recover such interest, P. H. Archer, the husband, was in any event a necessary party to the action, and his joinder with appellee pro forma was wholly insufficient to authorize the recovery awarded. National Life & Accident Ins. Co. v. Casas, Tex.Civ.App., 36 S.W.2d 323; Elder v. Hudspeth County Conservation & Reclamation District, Tex.Civ.App., 64 S.W.2d 981.

Because of the errors discussed, the judgment appealed from is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.