**WADE v. WADE et al.**

No. 2385.

Court of Civil Appeals of Texas. Waco.
Jan. 22, 1942.

Rehearing Denied March 26, 1942.

Sam H. Allred and Vernon Allred, both of Hillsboro, for appellant.

Morrow & Calvert, of Hillsboro, for appellees.

TIREY, Justice.

Mrs. Hettie Wade, a widow, and her daughter, Beatrice Flannery, joined pro forma by her husband, brought this suit against the remaining sons and daughters of Mrs. Hettie Wade and her deceased husband to correct and reform the description in the partition deed executed and delivered by plaintiffs and defendants to Ernest W. Wade and the description in the partition deed executed by Mrs. Hettie Wade and all the other remaining sons and daughters to Beatrice Flannery. The case was tried to a jury and on the verdict of the jury the court corrected and reformed the description in the deeds aforesaid in accordance with the findings made by the jury in its verdict. The defendant Ernest W. Wade has appealed.

Fundamental error is assigned on two grounds: (1) The action of the trial court in overruling general demurrer to plaintiffs' petition; and (2) failure of the court to abate the suit on the disclosure by testimony that the husband of plaintiff Beatrice Flannery was not, in fact, a real party to the suit. The errors assigned present the sole question as to whether, in the bringing of their suit, the plaintiffs have complied with the provisions of Article 1983, Revised Civil Statutes, to-wit: "The husband may sue either alone or jointly. with his wife for the recovery of the separate property of the wife; and, in case he fails or neglects so to do, she may sue alone by authority of the court."

The record shows that J. W. Wade died testate in April, 1932, and left surviving him his wife and five children. His will was seasonably filed for probate with the County Clerk of Hill county, but no other action was taken thereon. The widow and the children, in September, 1939, pursuant to a parol agreement between them, undertook to partition and convey to each other in separate tracts the community property and the separate property of the widow. and separate deeds were drawn, executed and delivered by the parties to carry out said parol agreement, save and except that H. E. Flannery, husband of Beatrice Flannery, refused to join with his wife in the execution of these deeds. The deed to Mrs. Flannery purported to convey to her 50 acres out of the 104 acre tract, and other property, and the whole of the tract conveyed to Mrs. Flannery was impressed with a life estate in favor of Mrs. Hettie Wade for her use, occupancy and control, together with all rents, revenues and income therefrom.

The gravamen of the plaintiffs' suit is that an error was made in the drafting of the deeds to Ernest W. Wade and Mrs. Beatrice Flannery, respectively, in that the 104 acre tract was to be partitioned so that Mrs. Flannery would receive 50 acres off of the east end, including certain improvements thereon, and that the remaining 54 acres off of the west end would be set apart to Ernest W. Wade; that after the execution and delivery and recording of the deeds in question plaintiffs ascertained that an error had been made in said deeds, in that the 50 acres conveyed to Mrs. Flannery had not been described by metes and bounds so as to include the improvements that she was to have on her tract by virtue of the parol agreement but, on the contrary, by reason of such erroneous description of the respective tracts, Ernest W. Wade had received a part of the land on which said improvements were located, and she was entitled to have the deed to

her and the deed to Ernest W. Wade corrected and reformed so as to divide the tract in such manner that she would have the improvements located oh her tract in accordance with the parol agreement and that the erroneous description complained of impaired and restricted the life estate reserved in the deed to Mrs. Flannery for the benefit of Mrs. Hettie Wade, which tract was, in fact, the homestead of Mrs. Wade.

The plaintiffs went to trial on their first amended original petition, which amended petition, among other things provided: "Now comes Mrs. Hettie Wade, a feme sole, and Mrs. Beatrice Flannery, joined pro forma by her husband, H. E. Flannery, plaintiffs in the above entitled and numbered cause, and under leave of the court file this their first amended original petition * * * and for such amendment say: * * *." Paragraph 1 is, in part, as follows: "That the plaintiffs, Mrs. Hettie Wade and Beatrice Flannery and husband, H. E. Flannery, are all residents of Hill County, Texas * * *."

The husband of Beatrice Flannery testified substantially that he declined to sign the deeds for two reasons: (1) Because he thought it would take all the land to make a living for Mrs. Wade and that she ought to keep it until her death and then it could be sold; and (2) because he didn't know anything about the deeds until the morning they came to him to sign them. "Q. Did you join your wife in the filing of this lawsuit? A. Well I don't think I have, I have never had anything to do with it, it was all right with me for them to file it as far as that is concerned"; that he had never discussed with his wife the matter of joining with her in this law suit; "Q. I believe you say you have no objection to having your name in here as joining pro forma with your wife? A. Well I don't know as I have, but I didn't tell them so"; that he thought the children ought to settle it themselves and did not think it was the "in-laws'" business.

■ There is neither allegation nor proof that Beatrice Flannery requested her husband to join with her in the bringing of this suit and that he refused to do so. Beatrice Flannery took the witness stand in her behalf in this suit, but she was in no wise interrogated about any demand or request being made by her, or anyone else,

upon her husband to bring this suit alone or jointly with her, or of his refusal so to do. The question therefore arises: Have the plaintiffs complied with Article 1983, supra? We think not. Much has been written on this statute, but, as we understand it, "* * * the grounds of the exception to the rule which authorize the action to be prosecuted in the name of the wife separately, ought to be positively averred and proven." Crenshaw v. Newell, Tex.Civ.App., 147 S.W.2d 523, point page 526, writ refused. See also Cruse v. Archer, Tex.Civ.App., 153 S.W.2d 679; Edwards v. Dismukes, 53 Tex. 605; John v. Battle, 58 Tex. 591; Barmore v. Darragh, Tex.Civ.App., 227 S.W. 522; Hill v. Kelsey, Tex.Civ.App., 89 S.W.2d 1017, writ dismissed; Newell v. State, Tex.Civ. App., 103 S.W.2d 194; Rhodes v. Taliaferro, Tex.Civ.App., 119 S.W.2d 703. The fact that H. E. Flannery was joined pro forma in said petition is insufficient to meet the requirements of the statute. See Newell v. State, supra; Cruse v. Archer, supra; Hill v. Kelsey, supra; Rhodes v. Taliaferro, supra; Yellow Cab & Baggage Co. v. Smith, Tex.Civ.App., 30 S.W.2d·697. The fact that the trial court rendered judgment in this cause in which he disposed of H. E. Flannery as a real party does not cure the error complained of. Houston Gas & Fuel Co. v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086, points 5-6 page 1087, and cases therein cited.

■ Moreover, the defendant Ernest W. Wade is entitled to be made secure in such demands, rights and titles as may accrue to him by virtue of the decree entered to correct and reform the deeds in partition and such demands, rights and titles cannot be so vested in him as against Beatrice Flannery unless her husband is a real party to the cause of action. Art. 1985, Revised Civil Statutes; Parker v. Scobee, Tex.Civ. App., 36 S.W.2d 303, points 6-8 page 304; Barmore v. Darragh, Tex.Civ.App., 227 S. W. 522, points 4-5 page 523; Tannehill v. Tannehill, Tex.Civ.App., 171 S.W. 1050. It follows that we are of the opinion that H. E. Flannery was a necessary party and that the plaintiffs' pleadings wholly failed to bring them within the provisions of Art. 1983, supra, and, for such failure, this cause must be reversed and remanded.

We have carefully considered the other errors assigned, but, in view of the fact that the case will have to be remanded,

said errors will not arise in the same manner upon another trial and, for such reason, we have concluded that a discussion thereof would serve no useful purpose.

The judgment of the trial court is reversed and the cause is remanded for another trial.