## MRS. HETTIE WADE ET AL V. ERNEST W. WADE.

No. 7986. Decided February 3, 1943.
(167 S. W., 2d Series, 1008.)

*Morrow & Calvert,* of Hillsboro, for petitioners.

It was error for the Court of Civil Appeals to hold that H. E. Flannery, the husband of Mrs. Beatrice Flannery and who was joined pro forma in the suit, was not a real party plaintiff thereto. Clark v. Haney, 62 Texas 511; Scott v. Llano County Bank, 85 S. W. 301; Community Gas Co. v. Lane, 133 S. W. (2d) 200.

*Sam H. Allred* and *Vernon Allred,* of Hillsboro, for respondents.

On the question as to whether H. E. Flannery was a real party to the case. Barmore v. Darragh, 227 S. W. 522; Davis v. Roach, 138 S. W. (2d) 268; Cleveland v. Ward, 116 Texas 1, 285 S. W. 1063; Connell v. Chandler, 11 Texas 249.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a suit by Mrs. Beatrice Flannery and others to reform a partition deed by which certain land was set aside to her as her separate property. The material question to be determined is whether her husband was properly joined as a party plaintiff in the suit.

J. W. Wade and his wife, Hettie Wade, owned several tracts of land during his lifetime. After his death his widow and the children partitioned the land among themselves. At the time of the partition it was agreed that a certain tract containing 104 acres should be so partitioned as to give Mrs. Flannery, one of the daughters, fifty acres off the east end of the tract, together with all the improvements, and to give the remaining 54 acres, without any improvements, to Ernest W. Wade, one of the sons. The attorney in drawing the partition deed called for the dividing line to run straight across the tract, so as to leave 50 acres on the east end and 54 acres on the west end. Sometime after the partition deed had been executed, Mrs. Flannery discovered that the line had been so drawn as to leave the improvements on the tract set aside to Ernest W. Wade. This suit was brought to reform the partition deeds and to have the cross line dividing the two tracts so run as to leave the improvements on the 50 acres set aside to Mrs. Flannery.

A trial before a jury resulted in a judgment for the plaintiffs. The judgment was reversed by the Court of Civil Appeals. 160 S. W. (2d) 127. The Court of Civil Appeals held that the trial court erred in failing to sustain a general demurrer to plaintiffs' petition because H. E. Flannery, the husband of Beatrice Flannery, one of the plaintiffs, did not properly join in the petition as a party plaintiff.

The essential part of the plaintiffs' petition is as follows:

"Now comes Mrs. Hettie Wade, a feme sole, and Mrs. Beatrice Flannery, joined pro forma by her husband, H. E. Flannery, hereinafter called plaintiffs, complaining of Ernest W. Wade, Clifford Wade, Vallie Wade McNutt and husband, W. E. McNutt, Zula McNutt and husband, J. M. McNutt, hereinafter called defendants, and for cause of action and grounds of relief show unto the court the following:

"I.

"That the plaintiffs, Mrs. Hettie Wade and Beatrice Flannery and husband, H. E. Flannery, are all residents of Hill County, Texas; that the defendants, Ernest W. Wade, Clifford Wade, Zula McNutt and husband, J. M. McNutt, are all residents of Hill County, Texas; and that the defendants, Vallie Wade McNutt and husband, W. E. McNutt, are residents of Runnels County, Texas.

\*　　\*　　\*　　\*　　\*　　\*

"III.

"Plaintiffs further show that in drafting the deed to the plaintiff Beatrice Flannery to the 50 acres off of the east side of the 104 acre tract, hereinabove described, the field notes thereof and therein were so drawn as that the said 50 acre tract conveyed to the plaintiff Beatrice Flannery did not and does not include the improvements located on said 104 acre tract; \* \* \*

"WHEREFORE, defendants having been heretofore cited to appear and answer herein, plaintiffs pray that on a hearing hereof these plaintiffs have judgment correcting and reforming the deed conveying 50 acres off of the east side of the 104 acre tract to the plaintiff Beautrice Flannery in such manner as that said conveyance will operate to transfer and vest title to all improvements located on said 104 acre tract in the plaintiff Beatrice Flannery; \* \* \*"

Revised Statutes Article 1983 provides that "The husband may sue either alone or jointly with his wife for the recovery of the separate property of the wife." This suit involved the interest of Mrs. Flannery, a married woman, in her separate property. Under the above statute the husband was an indispensable party plaintiff in such a suit, in the absence of a showing that he refused to join therein.

We have been unable to find any case in which this Court has discussed the question as to whether in a suit to recover the wife's separate property there was a sufficient compliance with the statute where the husband joined "pro forma" as a party plaintiff. There is considerable conflict in the devisions of the Courts of Civil Appeals on the question. In the case of Gulf, C. & S. F. Ry. Co. v. Jones, 3 Willson Civ. Cas. Ct. App., Sec. 21, p. 39; Bullock v. Englert, 125 S. W. (2d) 663; Houston Electric Co. v. Potter, 51 S. W. (2d) 754 (writ dismissed); Houston & T. C. R. Co. v. Red Cross Stock Farm, 22 Texas Civ. App. 114, 53 S. W. 834, it was held that even though the husband joined in the petition as a plaintiff "pro forma," he was properly before the court as a party plaintiff so as to authorize the court to adjudicate the subject matter of the suit.

In the case of Gulf C. & S. F. Ry. Co. v. Jones, 3 Willson, Texas Court of Appeals, Sec. 21, p. 39, it was there said:

"The husband was a necessary party plaintiff, and was in contemplation of law such party from the commencement of the suit. Describing him in the petition as a party *pro forma* did not have the effect to make him other than a real party. The law made him a real party, *ex necessitate,* and as such he was in all respects liable. Such being his *status,* the plea of the statute of limitations was properly disregarded."

The contrary was held in the following cases: Newell v. State, 103 S. W. (2d) 194, 195; Rhodes v. Taliaferro, 1-19 S. W. (2d) 703; Cruse v. Archer, 153 S. W. (2d) 679; Texas Bldg. & Mortgage Co. v. Rosenbaum, 159 S. W. (2d) 554; Lucas v. Dallas County, 138 S. W. (2d) 179.

The test to be applied in determining whether or not there was a sufficient joinder of all necessary parties plaintiff is whether the judgment, if it had been favorable to the defendant, would have protected the defendant under a plea of res judicata against a subsequent suit involving the same subject matter. If H. E. Flannery and his wife were sufficiently before the court that they would have been barred from maintaining a second suit involving the same subject matter against the defendant, then the defendant has no right to complain of the lack of necessary parties; otherwise he has such right.

■ We are of the opinion that the husband was sufficiently before the court to make the judgment a binding one. This is

so because he actually joined in the suit as one of the plaintiffs. It is true that the petition refers to him as having "joined pro forma." But what is meant by "pro forma"? It is said that it means "as a matter of form," or "because the technical rules of pleading require their presence in the record." What technical rules of pleading are referred to? Presumably the reference is to Article 1983, which requires that the husband be joined as party plaintiff. If so, then it must be presumed that he joined in the petition as a party plaintiff to meet the requirement of these technical rules—the statutes,—and having joined for that purpose he must be held to have accomplished that purpose. For what other reason did he join in the suit? Surely he was not merely trifling with the court. Presumably he joined in the suit for the purpose of enabling the court to adjudicate the subject matter of the suit as expressed in the petition, and if so it would not be an injustice to him to hold that he had accomplished that purpose. If the judgment had gone against him, could he have come back later in a subsequent suit and have successfully contended that he had not intended to make himself a party to the suit so as to enable the court to render a valid judgment in the case? We think not. Having joined in the suit to meet the requirements of the law, and having thus invoked the jurisdiction of the court, he would be bound by the consequences.

In this connection, it should be noted that it is not here contended that the husband was joined as a party plaintiff without his knowledge or consent. In fact, it could not be very well so contended,—for, in addition to joining in the petition as he did, he appeared as a witness for the plaintiffs and testified in the case. He testified that he knew that he had been joined as a party plaintiff. After verdict he joined with his wife in a motion for judgment in the following language: "Now comes Mrs. Hettie Wade, a feme sole, and Beatrice Flannery and husband, H. E. Flannery, plaintiffs in the above entitled and numbered cause, and file this their motion for judgment on the verdict of the jury."

We hold that the husband, although joined as a plaintiff "pro forma," was properly before the court as a party plaintiff, as is required by Article 1983, and that the trial court did not err in overruling the general demurrer.

It should be noted that we are not here dealing with the question as to whether a husband who joins "pro forma" with

his wife in a suit to recover community property, is properly before the court. That question is reserved for future consideration.

The defendant sought to abate the suit on the ground that the estate of J. P. Wade was being administered in the probate court, and for that reason the district court was without jurisdiction to entertain the suit to reform the partition deeds.

The record shows that J. W. Wade left a will, in which he devised his property to his wife and children. It devised the tract here involved to Mrs. Flannery and Ernest W. Wade, and directed that it be partitioned between them on the same basis as is here contended for by Mrs. Flannery. There was proof that Wade's will had been filed for probate in 1932, but that no further action had been taken therein. Apparently the application was still pending, undisposed of. The application to probate the will is not in the record. There was no proof that it contained any request for administration on Wade's estate. It may have been merely an application to probate the will as a muniment of title. In 1939 the wife and children of Wade, by mutual agreement, partitioned the property among themselves.

■ Since there was no proof of the pendency of any proceedings for administration on the estate of J. W. Wade, nor of any necessity therefor, the rights of creditors of his estate were not involved. But even if administration on the estate had been pending in the probate court, the effect would have been the same. The devisees and heirs had a right to compromise their differences and to partition the property among themselves by mutual consent, subject to the rights of creditors, and thus dispense with the necessity of probating the will. Stringfellow v. Early, 15 Texas Civ. App., 597, 40 S. W. 871; Skeeters v. Hodges, 270 S. W. 907; Fore v. McFadden, 276 S. W. 327; Pierce v. Foreign Mission Board, 235 S. W. 552, 553. Having partitioned the property by mutual agreement, the district court was the proper forum in which to seek a reformation of the partition deeds so as to make them speak the truth. Robbins v. Winters, 203 S. W. 149; Galley v. Hedrick, 127 S. W. (2d) 978; Coughran v. Nunez, 133 Texas 303, 127 S. W. (2d) 885. The trial court properly overruled the plea in abatement.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered February 3, 1943.