# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00398-CR

**Johnny Earl Williams, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 60313, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Johnny Earl Williams appeals from his conviction for the offense of aggravated robbery of a person 65 years of age or older. *See* Tex. Penal Code Ann. § 29.03(a)(3)(A) (West 2003). After he was convicted by a jury, appellant elected to have punishment submitted to the trial court. As enhanced by four prior convictions, appellant was sentenced to life in prison. In two issues relating to the punishment phase of the trial, appellant challenges the trial court's granting of the State's oral motion for continuance of the punishment phase and the trial court's admission of a pen packet from the state of New Mexico for the purposes of enhancement. We affirm the judgment of conviction.

On May 30, 2007, after a jury found appellant guilty of aggravated robbery, the trial court scheduled a sentencing hearing by the court for June 28 at 1:30 p.m. On June 28, when the trial court called the case for hearing, appellant announced ready. He had witnesses present. The

State announced that it was not ready because the victim of the robbery, who had testified at trial, was a patient in the Veteran's Administration Hospital being treated for cancer and had no transportation to attend the hearing. His granddaughter, Dana Hazelwood, who was to provide transportation for her grandfather, was attending to her own daughter who had gone into labor that morning and given birth. The prosecutor alerted the defense attorney at noon when he learned of the development.

After conferring with his client, defense counsel objected to the prosecutor's request for a one-week continuance when the State's witnesses would be able to appear. Counsel objected to a continuance because it was based on an oral motion that was not sworn. Appellant's witnesses were present, and some of his relatives had traveled from Georgia and would be unable to return to court the next week. In addition, appellant's girlfriend had taken off two days from work and was not sure she would be able to appear on a later date. The trial court offered to hear the testimony of the witnesses who were present and unable to attend the hearing on a later date:

> I do intend to continue the case, but I don't want to inconvenience you from and make it difficult for you to call any of your witnesses and who may not be able to come back. So if you want to take any of them out of order, or I certainly, you know, would not object to doing that . . . .

Defense counsel declined to proceed, electing to stand on his objection. The trial court granted the continuance.

Five days later, on July 3, the sentencing hearing took place. In a hearing before the trial court, a detective with the Temple Police Department, who was qualified as a fingerprint expert, testified that the fingerprints contained in Texas and New Mexico pen packets matched those known

2

prints he had taken from appellant. Appellant did not object to the admission of the Texas pen packet showing a felony conviction for tampering with evidence, but objected to the admission of the New Mexico pen packet showing three felony offenses from New Mexico on the ground that the exhibit failed to comply with Texas Rule of Evidence 902 because it did not carry a seal of the state on it. Appellant's objection was overruled and the exhibits showing four prior convictions were admitted.

Dana Hazelwood then testified that her grandfather was in the hospital in hospice care after a massive stroke and unable to attend the hearing. She testified that, after he was robbed and assaulted in his home, he did not feel safe and never lived by himself again. After the crime, "He was afraid to be by himself. He wouldn't go out of the house. He always wanted someone with him. He didn't feel secure or safe in his own home any more." Appellant's girlfriend of approximately ten years with whom he had three small children then testified. Appellant also testified on his own behalf.

At the close of the hearing, the trial court sentenced appellant to life in prison.

## DISCUSSION

In his first issue on appeal, appellant urges that the trial court erred in granting the State's motion for continuance because "it was not written and it was not sworn" as required by Chapter 29 of the Texas Code of Criminal Procedure.

It is well-settled that the trial court has the discretion to continue a criminal action on the written motion of the State or of the defendant, so long as sufficient cause is shown. Tex. Code Crim. Proc. Ann. art. 29.03 (West 2006); *Ross v. State*, 133 S.W.3d 618, 629 (Tex. Crim. App.

3

2004). A trial court, however, also possesses discretion to grant an oral motion for continuance on equitable grounds. *See Darty v. State*, 103 S.W.2d 195, 195 (Tex. Crim. App. 1946); *see also Hernandez v. State*, 492 S.W.2d 466, 467 (Tex. Crim. App. 1973); *Williams v. State*, 172 S.W.3d 730, 733 (Tex. App.—Fort Worth 2005, pet. ref'd). "A motion for continuance, based on equitable grounds rather than statutory grounds, is entirely within the sound discretion of the court, and will only call for reversal if it is shown that the court clearly abused its discretion." *Williams*, 172 S.W.3d at 733 (quoting *Alvarado v. State*, 818 S.W.2d 100, 103 (Tex. App.—San Antonio 1991, no pet.)). An appellant must also show he was actually prejudiced by the trial court's decision to grant the continuance. *Ross*, 133 S.W.3d at 629; *Vasquez v. State*, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002).[1]

Appellant claims that, because the prosecutor learned of his witnesses' unavailability at noon and the sentencing hearing scheduled for June 28 began at 1:42 p.m., the prosecutor had time to prepare a written motion. He urges that the State failed to advise the trial court of sufficient need for a continuance and that the prosecutor did not have personal knowledge of the facts relied upon for the continuance. Appellant also complains that the victim failed to appear at the rescheduled hearing. Although he urges that he was harmed, the only prejudice he claims is that his witnesses were available to testify on June 28 and unavailable at a later day. For them to testify on the original date as invited to by the trial court and agreed to by the State, he urges, they would be called "out of order" before the State had put on its evidence relating to punishment.

---

[1] The *denial* of an oral motion for continuance preserves nothing for our review. *Williams v. State*, 172 S.W.3d 730, 733 n.1 (Tex. App.—Fort Worth 2005, pet. ref'd). But here, appellant complains of the *granting* of the State's oral motion for continuance.

4

Appellant has not articulated any specific prejudice he suffered from the postponement. The trial court offered to hear any witnesses who were unable to return to court and appellant does not argue that the State gained any advantage by the one-week delay. Given the circumstances in this case, we conclude the trial court was within its discretion to allow a continuance to secure the presence of the victim or the victim's representative. We overrule appellant's first issue.

As to his second issue, appellant contends that the trial court erred in admitting into evidence the New Mexico pen packet showing three prior convictions. Specifically, appellant complains that the exhibit did not bear the seal of the New Mexico Secretary of State and was therefore not properly authenticated as set forth in Texas Rule of Evidence 902. The State responds that appellant has not preserved error and that, in any event, the exhibit was properly authenticated.

We review a trial court's decision on the admissibility of evidence for an abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); *Salazar v. State*, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001). A trial court abuses its discretion when its decision falls "outside the zone of reasonable disagreement." *Torres*, 71 S.W.3d at 760; *Salazar*, 38 S.W.3d at 153-54. The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific

5

document or mode of proof is required to prove these two elements." *Id.* Although evidence of a certified copy of a final judgment and sentence may be a preferred means, the State may prove both of these elements in a number of different ways,[2] including the defendant's admission[3] or documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted.[4] *Id.* at 921-22. Although appellant argues that Rule 902 provides two methods of "self-authenticating pen packs," i.e., that the pen packet shall bear the official seal of the state along with a signature purporting to be an attestation or execution, Tex. R. Evid. 902(1), and that the pen packet, absent a seal of the state, shall be certified by a public officer under seal that the signer has official capacity and that the signature is genuine, Tex. R. Evid. 902(2), he fails to cite any authority that these are the exclusive means of proof. And they are not.

Rule 902 explicitly allows for the self-authentication of certified copies of public records, "including data compilations in any form certified as correct" by their custodian. Tex. R. Evid. 902(4). A copy of an official record or report or compilation of information setting out the specifics of a criminal conviction that is certified as correct by the county or district clerk of the court in which the conviction was obtained is admissible under Rule 902. *Flowers*, 220 S.W.3d at 922-23; *see also* Tex. R. Evid. 901(b)(7) (public record admissible if authenticated by evidence that

---

[2] *See Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1987) (holding that there is no exclusive manner of proof of prior felonies for enhancement; "[e]ach case is to be judged on its own individual merits.").

[3] *See Bryant v. State*, 187 S.W.3d 397, 401 (Tex. Crim. App. 2005).

[4] *See Doby v. State*, 454 S.W.2d 411, 413-14 (Tex. Crim. App. 1970).

6

the writing is "from the public office where items of this nature are kept"); *Langston v. State*, 776 S.W.2d 586, 587-88 (Tex. Crim. App. 1989).

State's Exhibit 19 consists of a cover letter from the central records unit supervisor of the New Mexico Corrections Department; a certification by the records manager of the New Mexico Corrections Department stating, under oath, that the pen packet is authentic; an attestation by the New Mexico Secretary of State that the person signing the certification is the records supervisor of the New Mexico Corrections Department and that the certification is genuine; judgments, sentences, and commitments for the New Mexico convictions, all certified by the District Clerk of Curry County, New Mexico; and two sets of photographs and fingerprints of the person whose convictions are reflected in the exhibit. The attestation of the Secretary of State bears her signature but does not carry a seal. Thus, the exhibit is admissible under Texas Rule of Evidence 902(4), which does not require a seal. We cannot say that the trial court abused its discretion in admitting the exhibit.

Even assuming the exhibit was not authenticated with a seal, appellant took the stand and testified concerning his prior New Mexico convictions. Admitting that he was convicted of the acts underlying the New Mexico convictions set forth in State's Exhibit 19, appellant testified in response to his counsel's questioning as follows:

> Q. All these other cases where you went to court, these prior convictions out in New Mexico and Texas, were these contested situations or did you plead guilty to these prior charges?
>
> A. I pleaded guilty to them.

7

Q.     And from what I could tell in most of them, you got very small sentences, you know, two, three, four, five years?

A.     Yeah. Yeah.  I got five on both–on both times.

* * *

Q.     You were indicating to me that some of these dates might—might be a little bit inaccurate according to your recollection.  What do you mean by that?

A.     They got the wrong dates on, I think, the third paragraph and the second one.

Q.     Third paragraph alleges a conviction out of New Mexico on the 23rd of April of '93 for the offense of forgery.  Is that what you're talking about this incorrect [sic]?

A.     Yeah.

Q.     What is incorrect about that?

A.     Well, when that happened, it happened like, I think 4/29/93.  I'm not sure. I think it was '93.  4/29/93 and they got the second one—

Q.     We're just talking about the date of the offense, or the dates you went to court?  We're really not talking about the facts of your conviction?

A.     Right.

Q.     You did get convicted of them?

A.     Right.

Q.     Okay.  And that was a forgery case?

A.     Right.


On cross examination, the following testimony occurred:


Q.     State's Exhibit No. 19, the convictions for the offenses out of New Mexico. These are all your convictions, right?

8

A.     Yeah.

Q.     Okay. And this is you in here who is convicted of all these offenses out of New Mexico, right?

A.     Right, at that time.

Q.     Including assault on a peace officer?

A.     They got it on there.

Q.     And escape from a peace officer?

A.     They don't happen to be true. They're on the paperwork.

Q.     You were convicted of assault on a peace officer, right?

A.     That's what is on the paperwork.

                                    * * *

Q.     These are your pictures contained with this judgment and conviction, correct?

A.     Right.

Q.     And State's Exhibit No. 19, correct?

A.     Right.

Q.     And within State's Exhibit No. 19 it talks about how you were convicted of assault on a police officer, correct?

A.     Yeah.

Q.     And also escape from a police officer, correct?

A.     Yes, that's what they got on there.

Q.     And multiple counts of forgery, correct?

A.     Right.

9

Appellant argues nevertheless that he has preserved error and was compelled to take the stand and testify when State's Exhibit 19 was erroneously admitted into evidence. He argues that even with this admission he has preserved error and his testimony is not evidence because he "sought to meet, destroy, or explain it by the introduction of rebutting evidence."

The general rule is that a complaint regarding improperly admitted evidence is waived if the same evidence is introduced by the defendant himself. *Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993) (op. on reh'g); *Wootton v. State*, 132 S.W.3d 80, 84 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). An exception to this general rule applies when the accused introduces the evidence in an effort to meet, rebut, destroy, deny, or explain evidence, i.e., to "take the sting out of evidence" that already has been improperly admitted over his objection. *Rogers*, 853 S.W.2d at 34-35; *Maynard v. State*, 685 S.W.2d 60, 65 (Tex. Crim. App. 1985). In *Thomas v. State*, 572 S.W.2d 507 (Tex. Crim. App. 1978), then-Presiding Judge Onion explained the operation of the rule and its exception:

> [I]f a defendant takes the witness stand to refute, deny, contradict, or impeach evidence or testimony properly objected to, no waiver of the objection occurs. But if a defendant in testifying admits or confirms the truth of the facts or evidence objected to, even if attempting to create a defense based on or beyond those facts, a waiver of the objection does occur. The one possible exception to this principle is that no waiver will be found where a defendant objects to evidence or testimony not tied directly or indirectly to the elements of the case and then in testifying himself admits those facts to be true.

*Id*. at 513.

The exception does not apply in this case. By testifying on direct examination as to his New Mexico convictions, appellant waived any error relating to the trial court's ruling regarding

10

admissibility of the convictions. Appellant made no effort to meet, rebut or destroy the evidence regarding his prior New Mexico convictions. Not only did he make no effort to deny or rebut the evidence, he admitted it. Even assuming appellant has not waived the issue, his admissions serve to prove the elements of the enhancement allegations. *See Flowers*, 220 S.W.3d at 921-22 (elements of final judgment and sentence may be proved by defendant's admission or stipulation). In any event, we cannot say that the trial court abused its discretion in admitting State's Exhibit 19. We overrule appellant's second issue.

Having overruled appellant's issues, we affirm the judgment of conviction.


_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   March 28, 2008

Do Not Publish

11