Charles E. **GREGORY**, Appellant,

v.

William J. **RICE**, Virginia Gregory Jenkins, Carolyn Gregory Sonleitner, Virginia Gregory Waddell, Appellees.

No. A14–83–184CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 19, 1984.

John B. Lay, Houston, for appellant.

Karl E. Kraft, Spring, for appellees.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is a probate case involving the ownership of certain stock. Charlotte I. Gregory died on February 13, 1969, leaving a will which disposed of corporate stock worth about $280,000. Her will states that the stock is to be divided among her three children: appellant, Charles Gregory; appellee, Virginia Gregory Jenkins; and Elizabeth Gregory Rice in equal shares. However, the share devised to Elizabeth Rice was limited to a life estate with the remainder estate vested in Virginia Gregory Jenkins and Charles Gregory in equal shares. Elizabeth Rice died eleven years later leaving a will which devised the corporate stock which she received from her mother's estate to her husband, William J. Rice, Virginia Gregory Jenkins, and Carolyn Gregory Sonleitner and Virginia Gregory Waddell, the last two being daughters of Charles Gregory. Appellee, William Rice, as executor of the estate of Elizabeth Rice distributed the stock according to her will. Appellant, Charles Gregory, filed suit to require William Rice to deliver to him the stock in which he alleged he possessed a remainder interest under his mother's will.

The jury found that Charles E. Gregory, Virginia Gregory Jenkins, and Elizabeth Gregory Rice entered into an agreement, either express or implied, to disregard the life estate provision in Charlotte I. Gregory's will and to distribute the stock among themselves in equal one-third shares. The trial court rendered a take nothing judgment in favor of appellant on the verdict of the jury.

We hold that the trial court erred in submitting special issues to the jury which inquired whether appellant's claim was wrongful. We consider the submission of these issues to be so prejudicial to the jury's consideration of the rest of the charge as to require reversal and remand of this cause.

Appellant contends in his third point of error that the trial court erred in submitting special issues which inquire 1) whether the assertion of appellant's claim to the stock was wrongful and 2) if the claim was wrongful, what actual damages, punitive

damages, and attorney's fees should be recovered by appellee.

■ The submission of these issues was error, because appellee's action presented by these issues is not recognized by Texas law. The assertion of a claim by the filing of a lawsuit in the absence of slandering of title or the wrongful obtaining of injunctive or extraordinary relief is not actionable. *Smith v. Adams*, 27 Tex. 28 (1863); *Runge v. Franklin*, 72 Tex. 585, 10 S.W. 721 (1888). As the trial court disregarded the answers to these issues and they form no part of the judgment, the issue presented to us is whether the mere submission of these issues constitutes an implied comment on the evidence which probably prejudiced the jury's consideration of the other issues in the charge.

> ... a particular special issue may, because of an assumption, or apparent assumption, of fact involved in the terms in which it propounds a question, constitute an implied comment or instruction either with respect to the theory of recovery or defense wherewith the same issue is concerned or with regard to theories which are the subject matter of other special issues.

*Mason v. Yellow Cab & Baggage Co.*, 153 Tex. 344, 269 S.W.2d 329, 330 (1954). For the submission of an issue which comments on the subject matter of other issues to require reversal, the implied comment of the issue must be harmful. *Id.* at 330; Tex.R.Civ.P. 434.

One of the erroneously submitted issues inquired as follows:

> Do you find from a preponderance of the evidence that the Plaintiff, Charles Edward Gregory, acted willfully, wantonly, wrongfully or wholly without regard for, and with conscious indifference to, the rights of William J. Rice in asserting an interest in ownership to the stock bequeathed to William J. Rice by Elizabeth Gregory Rice which was formerly owned by, or was derived from stocks formerly owned by, Charlotte I. Gregory.

To which the jury answered: "We do."

■ The jury found actual damages of $2500 and punitive damages of $53,600. This issue was an implied comment on the weight and nature of the evidence. This issue had the effect of suggesting to the jury that the evidence in support of appellant's claim was so weak that appellant deserves to be punished for asserting it. We believe that the submission of these issues seriously impaired the objectivity and impartiality of the jury's consideration of the issues relating to the merits of appellant's claim. The impact of this issue on the jury is readily apparent from the jury's award of $53,600 in punitive damages against appellant, more than twenty times the amount of actual damages found by the jury. We conclude that the trial court erred in submitting these issues and that this error was harmful and requires reversal. Point of error three is sustained.

Since we have determined that the trial court has committed reversible error requiring remand of this cause for new trial, there is no need to consider appellant's other points of error which would entitle him only to a remand if sustained. Therefore, we now consider only those points of error which would entitle appellant to rendition if sustained. The remand points of error not considered in this opinion include points one, two, eight, nine, ten and the factual insufficiency part of points four and five.

■ Appellant contends in its fourth point of error that there is no evidence to support the jury finding that Charles Edward Gregory, Virginia Gregory Jenkins, and Elizabeth Gregory Rice agreed to disregard the life estate provision in Charlotte Gregory's will and to distribute the stock in her estate in equal one-third shares. In considering legal insufficiency points of error the court will consider only the evidence tending to support the finding, viewing it in the most favorable light in support of the finding, giving effect to all reasonable inferences that may be drawn therefrom, and disregarding all conflicting evidence. If upon such review, the court finds there is a complete absence of evi-

dence of probative force to support the finding, or only a scintilla of evidence to support it, the point must be sustained. *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

 Our review of the record reveals the following evidences in support of the jury's finding. First, there is the will of Elizabeth Gregory Rice which makes a specific bequest of the stock she received from her mother's estate. This fact clearly reflects her belief that she possessed full fee ownership of the stock. It is logical to infer that her belief was founded on an agreement among Charlotte Gregory's children to distribute the stock in equal shares and to disregard the life estate provision. Second, there are the work papers made by appellant while assisting Elizabeth Gregory Rice in the administration of their mother's estate. These work papers show a division of the market value of the stock from Charlotte Gregory's estate into three equal shares. An equal division of the market value of the stock is inconsistent with the assumption that Elizabeth Rice received only a life estate in her share of the stock. It is common knowledge that a life estate in property is less valuable than full fee ownership. We believe that a jury could reasonably infer from these work papers by appellant that Elizabeth's share was valued on an equal basis with the other two shares and that appellant therefore, agreed to an equal division of the stock. We hold the above to constitute some evidence of an agreement to divide the stock into three equal shares.

 Appellant next contends that the agreement found by the jury is void because there is no evidence that it was supported by consideration. We reject this contention because such agreements by the heirs to waive the provision of a will have been found valid. The devisees and heirs have a right to compromise their differences and to partition the property among themselves by mutual consent, subject to the rights of creditors. It is the compromise of the parties which constitutes the consideration. It is not necessary that each party under the agreement receive property of value equal to that which they would have received under the will for the agreement to be valid. *Wade v. Wade,* 140 Tex. 339, 167 S.W.2d 1008 (1943); *Cook v. Hamer,* 158 Tex. 164, 309 S.W.2d 54 (1958). Because we find some evidence of a valid agreement to distribute the stock in equal shares, point of error four is overruled.

Point of error five challenges the legal sufficiency of the evidence to support the jury finding that appellant waived his right to contend that he is owner of the stock in dispute. The judgment of the trial court is fully supported by the jury's finding of an agreement to divide the stock into equal shares and is not dependent on the finding of waiver. We do not consider point of error five, because even if we determined it should be sustained, it would not require reversal of the trial court's judgment.

 Appellant contends in its sixth point of error that the compromise agreement was not enforceable because it did not comply with the Statute of Frauds. Tex.Bus. & Com.Code Ann. § 8.319 (Tex. UCC) (Vernon 1968). It is quite obvious to this court that the Statute of Frauds, section 8.319, does not apply to this agreement. The statute is applicable to contracts for the sale of securities. The agreement found by the jury in this cause is an agreement to compromise and settle property interests in an estate. Point of error six is overruled.

 Appellant asserts in point of error seven that if the agreement found by the jury was executed prior to the probate of Charlotte I. Gregory's will, then Elizabeth Gregory Rice was estopped to assert fee ownership of the stock under the agreement, because she accepted and enjoyed ownership of other property bequeathed to her in fee under her mother's will. The legal authority which appellant cites in support of this point of error involves the situation where the decedent attempts to devise either separate or community property which he does not own. In such case,

if the devisee accepts under the will rights the devisee would not otherwise be entitled to, the devisee is estopped from challenging the disposition by the will of his or her property. *Hodge v. Ellis*, 154 Tex. 341, 277 S.W.2d 900 (1955); 61 Tex.Jur.2d § 282. Estoppel does not apply to this cause, because the deceased, Charlotte Gregory did not attempt to devise property in her will which belonged to Elizabeth Rice. Elizabeth Rice was not put to an election from which estoppel could arise.

Also, the fact that Elizabeth Rice received property other than the stock from her mother's estate which was devised to her in the will, does not necessarily mean that she took the other property under the will. The trial court could have just as easily interpreted the receipt of this property to mean that she took the other property under the agreement found by the jury. In any event, estoppel does not arise against Elizabeth Rice in this cause. Point of error seven is overruled.

As we have sustained appellant's third point of error, we reverse and remand.