[Cite as *Stutz v. Ohio Dept. of Job & Family Serv.*, 2017-Ohio-7287.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

BARBARA STUTZ,

      PLAINTIFF-APPELLANT,              CASE NO. 15-17-02

      v.

OHIO DEPARTMENT OF JOB             O P I N I O N
AND FAMILY SERVICES,

      DEFENDANT-APPELLEE.

**Appeal from Van Wert County Common Pleas Court**
**Trial Court No. CV 16-03-032**

**Judgment Affirmed**

**Date of Decision:    August 21, 2017**

APPEARANCES:

    *William J. Wildenhaus* for Appellant

    *Rebecca L. Thomas* for Appellee

**ZIMMERMAN, J.**

{**¶1**} Appellant, Barbara Stutz ("Ms. Stutz"), appeals the January 31, 2017 judgment of the Van Wert County Court of Common Pleas affirming the Administrative Appeal Decision of the Ohio Department of Job and Family Services. Specifically, the Court of Common Pleas found that Appellee, the Ohio Department of Job and Family Services (the "Agency"), correctly determined that: (1) there is no mechanism for rebutting a properly calculated value of a life estate calculated under Ohio Adm.Code 516:1-3-05.17(F); (2) that Ms. Stutz did not comply with administrative requirements for selling her life estate at its fair market value; and (3) that the Administrative Code section addressing life estates is reasonable and must be strictly followed. The trial court thereby ordered that the decision of the Administrative Appeal Officer be affirmed, which resulted in Ms. Stutz having a period of restricted Medicaid coverage.

{**¶2**} Ms. Stutz appeals the trial court's decision, arguing that: (1) the trial court erred in finding that there was no mechanism under the Ohio Administrative Code to rebut the presumption of an improper transfer; (2) the trial court erred in finding that Ms. Stutz did not present evidence of a challenge to the value of her life estate; and (3) the trial court erred in finding that it was necessary for Ms. Stutz to attempt to sell her life estate to be eligible for Medicaid benefits. For the reasons

that follow, we affirm the trial court's decision and overrule Ms. Stutz's assignments of error.

*Background*

**{¶3}** The facts in this case are generally undisputed by the parties. Ms. Stutz entered a nursing home facility on March 20, 2014, and was approved for Medicaid on July 1, 2014. At the time she entered the facility, Ms. Stutz owned a life estate in her real estate property and her sons owned the remainder interest. However, Ms. Stutz's life estate was established prior to Medicaid's five year "look back" period, and as a result, the value of the life estate was not considered in determining her Medicaid eligibility. Subsequently, the Agency determined Stutz's life estate interest was an asset that must be valued for Medicaid purposes.

**{¶4}** Ms. Stutz had her life estate appraised at a value of $2,000, and on November 20, 2014, sold it to her sons for $1,800. However, the Agency determined that the correct life estate value was $24,941, not $2,000, and deemed the sale of it for $1,800 was less than its fair market value. As a result, Ms. Stutz received a notice of a "Restricted Medicaid Coverage Period" ("RMCP") from Medicaid officials. The notice informed Ms. Stutz that her RMCP was to run from November, 2014 to June, 2015, based upon the improper transfer of her life estate (to her sons) for less than its fair market value.

**{¶5}** Ms. Stutz appealed and requested an administrative hearing.

{¶6} On January 14, 2016, an administrative hearing was held on Ms. Stutz's appeal. At the hearing the value of Stutz's real estate was determined to be $51,170. Given that value, and the fact that Ms. Stutz was 77 years old at the time she entered the nursing home, the hearing officer determined the fair market value of the life estate, pursuant to Ohio Adm.Code 5160:1-3-05.17(F) was $24,941. In her attempt to rebut this value, Ms. Stutz produced several appraisals indicating that her life estate had little or no value. However, in its Decision mailed 02/08/2016, the hearing officer found that Ms. Stutz's failed to follow the procedure outlined in Ohio Adm.Code 5160:1-3-07.2(D), which set forth the statutory process to rebut the presumption of an improper transfer. And, since Ms. Stutz did not properly rebut the presumption of an improper transfer under Ohio Adm.Code 5160:1-3-07.2(D), the Agency's decision was affirmed by the administrative hearing officer.

{¶7} Ms. Stutz timely appealed the administrative decision to the Van Wert County Court of Common Pleas, presenting three assignments of error for review. Ultimately, the trial court found that the Agency properly calculated the fair market value of Ms. Stutz's life estate for Medicaid purposes; that Ms. Stutz did not provide evidence of her attempts to sell her life estate at the statutorily required fair market value; and that the administrative code was not unreasonable and must be strictly enforced. In its judgment entry filed on January 31, 2017, the trial court overruled

Ms. Stutz's assignments of error and affirmed the decision of the Administrative

Appeal Officer.

{¶8} From this judgment entry Ms. Stutz appeals to this Court, asserting the

following assignments of error:

### ASSIGNMENT OF ERROR NO. I

**THE COURT ERRED IN FINDING THAT THERE IS NO MECHANISM UNDER THE OHIO ADMINISTRATIVE CODE TO REBUT THE PRESUMPTION OF AN IMPROPER TRANSFER.**

### ASSIGNMENT OF ERROR NO. II

**THE COURT ERRED IN FINDING THE APPELLANT DID NOT PRESENT EVIDENCE OF A CHALLENGE TO THE VALUE OF HER LIFE ESTATE.**

### ASSIGNMENT OF ERROR NO. III

**THE COURT ERRORED [SIC] IN FINDING IS [SIC] WAS NECESSARY FOR THE APPELLANT TO ATTEMPT TO SELL HER LIFE ESTATE.**

{¶9} Due to the interrelated nature of Ms. Stutz's assignments of error, we

elect to address the assignments of error together.

*Assignments of Error I, II, and III*

{¶10} Ms. Stutz alleges in her assignments of error that the trial court erred

in finding that there is no mechanism under the Ohio Administrative Code to rebut

the presumption of an improper transfer; that the trial court erred in finding that she

did not present evidence challenging the value of her life estate; and the trial court

erred in finding that it was necessary for Ms. Stutz to attempt to sell her life estate[1].

Moreover, Ms. Stutz argues that she followed Ohio Adm.Code 5160:1-3-05.1(B)(4) in determining the "fair market value" of her life estate, and documented and sold her life estate for its "fair market value," which rebutted the presumption that the transfer of her life estate was improper. For the reasons that follow, we disagree.

*Standard of Review*

**{¶11}** An appellate court's review of an administrative decision is more limited than that of a trial court, and therefore, an appellate court will only determine if the trial court abused its discretion upon review. *Williams v. Ohio Dept. of Job & Family Servs.,* 2012-Ohio-4659, 978 N.E.2d 1260, ¶ 26 (3rd Dist.) citing *Nye v. Ohio Bd. of Examiners of Architects,* 165 Ohio App.3d 502, 2006-Ohio-948, 847 N.E.2d 46, ¶ 11 (10th Dist.). "However, an appellate court does have plenary review of cases involving purely legal questions." *Id.* at ¶ 27 citing *Big Bob's, Inc. v. Ohio Liquor Control Comm.,* 151 Ohio App.3d 498, 2003-Ohio-418, 784 N.E.2d 753, ¶ 15 (10th Dist.). Because Ms. Stutz only raises legal questions regarding the interpretation of the applicable law, the standard of review to be applied on this appeal is *de novo*. *Id.*

---

[1] While Ms. Stutz alleges in Assignment of Error III that the trial court erred in finding that it was necessary for her to attempt to sell her life estate, Stutz does not analyze her assignment of error but again restates that she did not attempt to sell her life estate at the value calculated by statute because three experts had said her life estate was not salable at that value.

*Analysis*

**{¶12}** Pursuant to former Ohio Adm.Code 5160:1-3-07(B)(5),[2] the Agency found that Ms. Stutz committed an "improper transfer" when she, as a Medicaid recipient, transferred her life estate for less than its fair market value for the purpose of obtaining Medicaid benefits. Former Ohio Adm.Code 5160:1-3-07(B)(5) defines improper transfer as: "a transfer on or any time after the look-back date, as defined in paragraph (B)(9) of this rule, of a legal or equitable interest in a resource for less than *fair market value* for the purpose of qualifying for medicaid, a greater amount of medicaid, or for the purpose of avoiding the utilization of the resource to meet medical needs or other living expenses." (Emphasis added). Ohio Adm.Code 5160:1-3-07(B)(5).

**{¶13}** In her appeal, Ms. Stutz directs us to Ohio Adm.Code 5160:1-3-05.1(B)(4) to define the term "fair market value" as it pertains to her life estate. However, Ms. Stutz's reliance on Ohio Adm.Code 5160:1-3-05.1(B)(4) is misplaced because a specific statutory process exists in the Administrative Code as to the valuation of a life estate. Specifically, Ohio Adm.Code 5160:1-3-05.17, entitled "Medicaid: life estates and life leases," provides a table outlining the statutory formula for calculating the value of a life estate. Under Ohio Adm.Code

---

[2] Ohio Adm.Code 5160:1-3-07(B)(5) was repealed on January 1, 2016, but was in effect at all times pertinent to Stutz's appeal.

5160:1-3-05.17(F), the Ohio legislature promulgated the following formula to be used to determine the value of a life estate:

> (1) The administrative agency must first determine the value of the property as established by the county auditor. If a valuation by a county auditor is unavailable, the value shall be based upon a valuation by the appropriate governmental agency charged with the responsibility for valuation of real property.
> (2) The administrative agency must deduct from the value of the property all liens and encumbrances that have been placed against the property.
> (3) The administrative agency must deduct from the value of the property all liens and encumbrances that have been placed against the life estate.
> (4) After the deductions, the balance is the equity value of the property.
> (5) The administrative agency must multiply the equity value of the property by the product that corresponds to the life estate owner's age at the time of determination for medical assistance on the following life estate table:

Ohio Adm.Code 5160:1-3-05.17(F). The table identifies a list of ages, from 0 to 109, which represent the age of the life estate owner. The table also provides a list of life estate percentages, or equity values of the life estate. For example, for someone who is 77 years old, the life estate percentage is .48742. *Id.* For someone who is 78 years old, the life estate percentage decreases to .47049. *Id.*

**{¶14}** In this case, it is not disputed that the Agency used this table and formula to determine the value of Ms. Stutz's life estate to be $24,941 ($51,170 x. .48742). However, Ms. Stutz argues that instead of relying on this specific set of instructions to calculate the value of her life estate under 5160:1-3-05.17(F), the

Agency should have used the general definition of fair market value, as defined in Ohio Adm.Code 5160:1-3-05.1(B)(4), to value her life estate. Ms. Stutz further alleges that it would be unreasonable for anyone to purchase her life estate at the value determined by the Agency under Ohio Adm.Code 5160:1-3-05.17(F).

{¶15} At the outset, we note that the Ohio Supreme Court has stated that "administrative regulations are presumed reasonable, both factually and legally, and the burden rests on the party challenging the rule to introduce evidence to the contrary." *Roosevelt Properties Co. v. Kinney,* 12 Ohio St.3d 7, 13, 465 N.E.2d 421, 427 (1984). Accordingly, Ms. Stutz must do more than simply show that another valuation method may be more "reasonable." *Cook v. Ohio Dept. of Job & Family Services,* 4th Dist. Jackson No. 02CA22, 2003-Ohio-3479, ¶ 13. Rather, Ms. Stutz must prove that that the Agency's reliance on Ohio Adm.Code 5160:1-3-05.17(F) was not reasonable. *Id.*

{¶16} In her attempt to demonstrate that the valuation of her life estate under Ohio Adm.Code 5160:1-3-05.17(F) was unreasonable, Ms. Stutz directs us to Ohio Adm.Code 5160:1-3-05.1(B)(4), which defines "fair market value" as: "the going price, for which real or personal property can reasonably be expected to sell on the open market, in the particular geographic area involved." Ohio Adm.Code 5160:1-3-05.1(B)(4). Ms. Stutz avers that since local realtors and bankers valued her life estate at $2,000, and in reliance thereof, she sold such interest to her two sons for

Case No. 15-17-02

$1,800,[3] she successfully rebutted the presumption that her transfer was improper. We disagree.

**{¶17}** The general rule of statutory construction is such that a specific statute prevails over a general statute unless the general statute can be shown to be the later adoption of the two and the manifest intent of the General Assembly was to have the general provision control. *Summerville v. Forest Park,* 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 32 (2010). As such, Ms. Stutz has failed to demonstrate that the general statute defining "fair market value" (Ohio Adm.Code 5160:1-3-05.1(B)(4)) should be used by the Agency instead of Ohio Adm.Code 5160:1-3-05.17(F), the specific statute, to value life estates. As such, by its plain and unambiguous meaning, we find that Ohio Adm.Code 5160:1-6-05.17(F), not 5160:1-3-05.1(B)(4) must be used to value a life estate. As such, the trial court correctly determined the value of Stutz's life estate.

**{¶18}** Further, Ms. Stutz's argument that the trial court erred when it stated that there is no mechanism under the Ohio Administrative Code to rebut the presumption of an improper transfer is misplaced. Specifically, the Judgment Entry of the trial court stated that: "[t]he Court finds that there is a specific regulation for calculating the value of a life estate. There is no mechanism for reducing that value by any other market calculation." (Doc. No. 32 at 5). The trial court also addressed

---

[3] Selling her life estate for $1,800 was in accordance with Ohio Adm.Code 5160:1-3-31.3, which required that Ms. Stutz sell her life estate if she received an offer for at least 90% of its appraised value.

-10-

the specific regulation for rebutting the presumption of an improper transfer, found

in Ohio Adm.Code 5160:1-3-07.2(D), which states:

> (D) Rebutting the presumption of an improper transfer.
> (1) The individual may rebut the presumption established under paragraph (C) of this rule. The individual must first provide a full written accounting and documentation of the transfer which clearly explains the following:
> > (a) The purpose for transferring the resource; and
> > (b) The attempts to dispose of the resource at fair market value; and
> > (c) The reasons for accepting less than fair market value for the resource; and
> > (d) The individual's relationship, if any, to the person to whom the resource was transferred.
> (2) The evidence may include, but is not limited to: any documentary evidence such as contracts, realtor agreements, sworn statements, third party statements, medical records, financial records, court records, and relevant correspondence.
> (3) Evidence which is provided shall be reviewed by the administrative agency.
> (4) The occurrence of one or more of the following after a transfer of the resources, while not conclusive, may indicate resources were transferred exclusively for some purpose other than establishing medicaid eligibility:
> > (a) Traumatic onset of disability or blindness (e.g., due to traffic accident); or
> > (b) Diagnosis of a previously undetected disabling condition.
> (5) If the presumption of improper transfer is not overcome by the individual's rebuttal, the administrative agency shall restrict medicaid coverage if the individual is otherwise eligible for medicaid.

(*Id.* at 3; Ohio Adm.Code 5160:1-3-07.2(D)).

{¶19} In our review of the record, we find that the trial court determined that

a statutory process exists to rebut the presumption of an improper transfer which

Ms. Stutz failed to follow. Even though Ms. Stutz argues that she followed the requirements (of rebutting the presumption of an improper transfer) the record demonstrates that she did not since she did *not* attempt to sell the life estate for $24,941, its fair market value under Ohio Adm.Code 5160:1-3-05.17(F). Rather, Ms. Stutz asserts that she documented her attempts to sell her life estate at the "fair market value" per Adm.Code 5160:1-3-05.1(B)(4), to her sons, and thusly rebutted the presumption of an improper transfer. In other words, Ms. Stutz's argues that the sale (to her sons) was not an improper transfer, based upon the general definition of "fair market value," not the specific formula set forth in Ohio Adm.Code 5160:1-3-05.17(F). For the reasons stated above, this argument fails. Additionally, Stutz's assertions are insufficient to satisfy her burden that the Agency's reliance on Ohio Adm.Code 5160:1-3-05.17(F) was irrational, absurd, preposterous, or senseless. *See, Cook,* 4th Dist. Jackson No. 02CA22, 2003-Ohio-3479, ¶ 13.

{¶20} Finally, Ms. Stutz attempts to demonstrate that the "fair market value" calculated by the Agency using Ohio Adm.Code 5160:1-3-05.17(F) was unreasonable, by directing us to Administrative Appeal No. 1852060, in which a similar transaction rebutted the Agency's finding (of an improper transfer) by clear and convincing evidence. However, that decision is distinguishable from this case because the Appellant (in Administrative Appeal No. 1852060) *did not* dispute the value of the life estate used by the Agency. And since Stutz contests the Agency's

-12-

valuation process, Administrative Appeal No. 1852060 is clearly distinguishable. Furthermore, "Ohio Adm.Code 5101:6-7-01(H) provides 'that State hearing decision shall be binding on the agency or managed care plan *for the individual case for which the decision was rendered.*'" (Emphasis added). *Williams,* 2012-Ohio-4659, 978 N.E.2d 1260, ¶ 40 (3rd Dist.). Thus, this argument lacks merit.

**{¶21}** While we are sympathetic to Ms. Stutz's position, ultimately, we find that Ms. Stutz did not establish that Ohio Adm.Code 5160:1-3-05.17(F) was unreasonable, and that Ms. Stutz's reliance on the general definition of "fair market value" to value her life estate was improper. And finally, Ms. Stutz failed to rebut the presumption of an improper transfer by clear and convincing evidence by selling her life estate to her sons for $1,800.

**{¶22}** Accordingly, we find that the trial court's interpretation of relevant statutes, the Agency's decision, and statutory construction was not unreasonable and overrule Ms. Stutz's first, second, and third assignments of error.

*Judgment Affirmed*

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**